CHILHOWEE MILLS, INC., A DISSOLVED CORPORATION, BY: H. A. VESTAL, MILES A. RIDDLE, H. P. SMILEY, G. F. LOCKMILLER, OSCAR A. KNOX, E. L. WILLSON, (MISS) MARIE KINSER, AND E. B. MADISON, PETITIONER, ET AL.,[1] v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 3125, 3126, 3127, 3128, 3129, 3130, 3131, 3132.

Promulgated January 11, 1945.

---

---

[1] Proceedings of the following petitioners are consolidated herewith: H. A. Vestal, Sr., Transferee; Marie Kinser, Transferee: Oscar A. Knox, Transferee; H. S. Moody, Transferee; Miles A. Riddle, Transferee; Hubert J. Vestal, Transferee; J. P. Vestal, Transferee.

*Homer Hendricks, Esq.*, for the petitioners.
*Frank M. Thompson, Esq.*, for the respondent.

### OPINION.

KERN, *Judge*: This case comes up on respondent's determination of a deficiency in the income tax of petitioner corporation for the fiscal year 1939 in the sum of $11,265.87, and of transferee liability against the other petitioners. Petitioner corporation filed no income tax return for the taxable year. The notice of deficiency was mailed to petitioner corporation on July 17, 1943. These cases are related to the case bearing Docket No. 108922, in which our decision was promulgated on September 16, 1942, and reported at 47 B. T. A. 682. In the decided case the deficiency was determined against the partnership, Chilhowee Mills, which succeeded the petitioner corporation after its dissolution and made returns for the taxable years involved, 1938 and 1939, on partnership Form 1065. In that case the factual background is much

the same as in the instant proceedings and some of our legal conclusions reached therein are also pertinent. We shall, on this account, consider our findings of fact and opinion in that case as incorporated by reference here. The essential facts are summarized in the headnote.

On the question of the petitioner party to the former proceeding and the issue therein decided, we quote the following from our earlier opinion:

> Thus we have in this proceeding a determination of deficiency addressed by the respondent to a partnership holding that the partnership is taxable "as a corporation." Under such circumstances, the partnership is properly the petitioner. * * *
>
> However, if we hold, as we have in this case, that the petitioner is a partnership and not taxable as a corporation, then the amount of taxable income, as distinguished from the rate of tax, is to be determined in proceedings in which the individual partners are proper parties petitioner.
>
> Therefore, we are foreclosed from the interesting question latent in this case of whether the proceeds from the sale of the assets of Chilhowee Mills, Inc., title to which remained in the corporation, made in the name of the corporation by the officers and directors as trustees in dissolution pursuant to an option executed before the surrender of the corporate charter and renewed after its surrender by the same officers and directors as trustees acting on behalf of the corporation, are to be considered as the income of the partnership or income taxable as corporate income pursuant to articles 22 (a)–21, and 52–2, Regulations 94; * * *
>
> As we have indicated, the sole question before us under the pleadings is whether petitioner is to be considered, for purposes of taxation, as a partnership or as an association taxable as a corporation—a question involving the method of taxation and not the amount of taxable income. Since we have concluded that petitioner is a partnership and is to be considered as such for purposes of taxation,
>
> *Decision of no deficiency will be entered.*

On October 16, 1942, respondent filed a motion for review of the above division decision, which we denied. No appeal was taken and our decision became final on January 20, 1943. The parties here have stipulated the use which may be made of the prior record. They have also stipulated with regard to the liability of the several transferees in the event we decide that there is an enforceable liability for tax.

After the hearing herein the parties filed a "Stipulation of Additional Facts," which we incorporate herein by reference. An exhibit attached to this stipulation "shows the effect, as determined by the internal revenue agent in charge, Nashville, Tennessee, on the income of the individuals [who were some of the stockholders of Chilhowee Mills, Inc., and partners carrying on business as Chilhowee Mills] of the adjustments occasioned by the decision of the Board of Tax Appeals in Docket No. 108922 (47 B. T. A. 682) for the years 1937, 1938 and 1939 * * *." This exhibit indicates that there were deficiencies "determined but barred" against these individuals for 1937, and certain refund claims in a total amount of $765.35 denied.

Two letters were introduced in evidence which were sent by the internal revenue agent in charge to former stockholders of petitioner corporation and partners carrying on its business after June 30, 1937. These letters announced adjustments in tax liability for the years 1937, 1938, and 1939, and contained the following:

On June 30, 1937, Chilhowee Mills, Inc., Athens, Tennessee, dissolved and distributed all of its assets in complete liquidation by opening accounts with each of its holders of common stock and crediting to those accounts the entire amount of its capital, as represented by the common stock outstanding, and surplus.

\* \* \* \* \* \* \*

The amount of gain or loss herein computed as having been realized by you during the year 1937 from liquidation of the shares of common stock owned by you is based on your having received a distribution of $115.496 per share.

After dissolution of the corporation, the business was continued as a partnership. \* \* \*

\* \* \* \* \* \* \*

Inasmuch as correction of your income tax liability for the years 1937 and 1939 does not result in an overassessment, the claims for refund filed for those years will be disallowed and official notice thereof will be issued by registered mail in accordance with section 3772 (a) (2) of the Internal Revenue Code. No assessment will be made of the deficiency determined for the year 1937 in that the period of time within which a deficiency might have been assessed for that year has expired.

\* \* \* \* \* \* \*

It was also stipulated that the persons to whom these letters were addressed paid the net tax shown due therein.

The petitioners raise certain preliminary issues which must be answered before the substantive question at bar may be determined; namely, (1) whether the question is *res judicata;* (2) whether the present proceedings are barred by the statute of limitations; and (3) whether the respondent is precluded by estoppel or election from maintaining the position which he has taken in this proceeding.

1. *Res judicata.*—The question is not *res judicata* by reason of our decision in *Chilhowee Mills, supra.* We very clearly pointed out in the portions of our opinion in that case already quoted that "the partnership is properly the petitioner" in that proceeding, that, consequently, we could not consider the substantive question, since it "is to be determined in proceedings in which the individual partners are proper parties petitioner"; and on the same account that we were "foreclosed from the \* \* \* question \* \* \* of whether the proceeds from the sale of the assets of Chilhowee Mills, Inc., \* \* \* are to be considered as the income of the partnership or income taxable as corporate income \* \* \*." And to make doubly sure that we should not be misunderstood we reiterated that "the sole question before us \* \* \* is whether petitioner is to be considered \* \* \*

as a partnership or as an association taxable as a corporation—a question involving the method of taxation and not the amount of taxable income." We held only, therefore, that the partnership was the proper party before us, not the corporation, and that, since a partnership was not a taxable entity, the respondent's recourse was against the individual partners or possibly—for our language suggested no more than the mere possibility of merit in such a question which was necessarily reserved for future decision—against the corporation. The respondent has now determined a deficiency against the corporation "Chilhowee Mills, Inc." The petitioners' argument that there is an estoppel by judgment, by reason of our prior decision and an alleged privity of the parties there and here, can be shortly answered by saying that our judgment there did not go to the essential question, but only to who the proper party before us was and whether it was taxable as a corporation.

2. *Statute of limitations.*—We proceed to the next question, whether the statute of limitations has run. Section 275 (a) of the Revenue Act of 1938 requires that taxes must be "assessed within 3 years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period."

Since no return was filed by petitioner corporation for the taxable year, section 276 (a) of the Revenue Act of 1938 makes it possible that a tax may be assessed against that petitioner without regard to any period of limitation. On this point petitioner relies on *Germantown Trust Co.* v. *Commissioner*, 309 U. S. 304. We think that case is distinguishable on its facts, since the fiduciary taxpayer there did make a return, although it did not show its income taxable on the basis that it was a corporation. In this case petitioner corporation made no return of any taxable income for the year in question.

All parties here, save the corporation itself, are its transferees. In the case of a transferee, the period of limitation for assessment is extended to "within one year after the expiration of period of limitation for assessment against the taxpayer." Sec. 311 (b) (1), Revenue Act of 1938.

3. *Estoppel.*—In our opinion reported as *Chilhowee Mills, supra,* and promulgated on September 16, 1942, we held that the former stockholders of Chilhowee Mills, Inc., then in dissolution, formed a partnership for the conduct of the business formerly carried on by the corporation, having become "upon the dissolution of the corporation * * * the real owners of the corporate property, subject to the rights of creditors and the right of the directors and officers of the old corporation to administer it in dissolution under the State statute." As to the extent of the property interest acquired by the former

stockholders of the corporation during the latter's dissolution, and the time of acquisition, we were silent, since the problem before us in that case was whether there was a partnership and not the amount of the partners' interests. Under date of February 5, 1943, the internal revenue agent in charge at Nashville, Tennessee, made adjustments in the income tax liability of the various partners of Chilhowee Mills for the year 1937 by denial of claims for refund upon the basis that "on June 30, 1937, Chilhowee Mills, Inc., * * * dissolved and distributed all of its assets in complete liquidation by opening accounts with each of its holders of common stock and crediting to those accounts the entire amount of its capital, as represented by the common stock outstanding, and surplus." Other adjustments were made for the years 1938 and 1939. It is stipulated that two of the partners and former stockholders paid the net amount of tax claimed as due for those years by the revenue agent in charge.

The determination of deficiency in the instant case was made against petitioner corporation with the following explanation:

The proceeds from the sale during the fiscal year ended June 30, 1939, of the assets of Chilhowee Mills, Inc., title to which remained in the corporation, made in the name of the corporation by the officers and directors as trustees in dissolution pursuant to an option executed before the surrender of the corporate charter and renewed after its surrender by the same officers and directors as trustees acting on behalf of the corporation, are to be considered as income taxable as corporate income pursuant to articles 22 (a)–21 and 52–2, Regulations 94.

Petitioners contend that respondent, after having taken the position in making adjustments in the tax liability of the partners and former stockholders of the corporation in dissolution that they received all of the corporate assets on dissolution in 1937, can not take the position in the instant case that the same assets continued to be owned by the corporation, which received income when they were sold by the trustees in dissolution in 1939. This contention is sometimes referred to on brief as being based on the doctrine of estoppel and sometimes on the doctrine of election. Petitioner cites *United States* v. *Brown*, 86 Fed. (2d) 798; *Eichelberger & Co.* v. *Commissioner*, 88 Fed. (2d) 874; and *Ford Motor Co.* v. *United States*, 9 Fed. Supp. 590, 604.

The question thus posed is whether the Commissioner can take a position that a corporation "dissolved and distributed all of its assets in complete liquidation" to its stockholders and for that reason deny claims for refund filed by the stockholders, and later take the inconsistent position that the same assets continued to be owned by the corporation, were sold for it by the former officers as trustees in dissolution, the profits from such sale were taxable as corporate income, and the stockholders receiving the proceeds were liable as transferees for the corporate taxes.

We know of no reason why he can'not. Certainly the corporation in dissolution, which is the alleged transferor now before us in this litigation, can not successfully advance the argument of estoppel against the Commissioner by reason of his assertion of tax liability against other taxpayers, even though the liability asserted is inconsistent with liability on the part of the corporation. More than inconsistency is required in cases justifying the application of estoppel, especially as against the Government. In the cases cited by petitioners in which the Commissioner has been precluded from asserting a tax liability on the ground of a previous inconsistent position taken by him, the previous inconsistent position has been with regard to the same taxpayer, and, unless precluded by estoppel, the Commissioner would either have collected a tax twice from the same taxpayer as a result of one transaction, or would have denied a deduction twice although the taxpayer was admittedly entitled to it at one time or the other.

The liability of the transferees being entirely secondary and distinct from any personal liability for income tax on their part, any inconsistency on the part of the respondent warranting the application of the doctrine of estoppel must be with regard to the primary liability of the transferor corporation.

In the instant case the Commissioner might well have doubts as to the party, or parties, subject to a tax upon the profits derived from the disposition or sale of the assets owned in the name of Chilhowee Mills, Inc. It is not usual for stockholders of a corporation in dissolution to form a partnership and, as such, to carry on the business of the corporation. It is an even more unusual situation when the partnership uses in its business property remaining in the name of the corporation which is subject to an option executed by the corporation before its dissolution and which is later conveyed pursuant to the option by a deed executed by the corporation through its former officers as trustees in dissolution. Under the peculiar circumstances it is not surprising or unseemly that the Commissioner would attempt to safeguard the revenues by asserting one claim for tax based on the hypothesis that the property was, in effect, distributed in complete liquidation to the stockholders upon dissolution and another claim based on the hypothesis that the property remained in the name of the corporation and was disposed of by its trustees in dissolution, leaving it to the courts to decide which hypothesis is correct. After that decision the Commissioner should, and no doubt will, take such administrative action as is necessary to conform to the decision and avoid any unconscionable double taxation. See *Anna I. Hilpert*, 4 T. C. 473.

We therefore conclude that we are not prevented by the statute of limitations, by the doctrine of *res judicata*, or by estoppel, from deciding the instant case upon its merits.

Petitioner corporation was dissolved as of June 30, 1937. Thereafter, under the laws of Tennessee the officers and directors were trustees in dissolution, having power to sell the assets of the corporation. Sec. 3757, Michie's Tennessee Code of 1938. Pursuant to an option executed by the corporation prior to June 30, 1937, and extended by a contract signed on behalf of the corporation by one of its former officers and a trustee in dissolution, the property of the corporation, title to which remained in the corporation's name, was sold and conveyed to the assignee of the option. The deed of conveyance named as grantor "Chilhowee Mills, Incorporated, of Athens, Tennessee, a corporation organized under the laws of Tennessee in process of dissolution and  *  *  *  all the officers and directors of said corporation at the time it surrendered its charter, and now Trustees in dissolution." The grantee made payment by checks drawn to the order of the corporation.

If these were the only facts, there would be no question but that any profit resulting from such a sale would be taxable as profit of the corporation. Art. 71, Regulations 74; *Taylor Oil & Gas Co.* v. *Commissioner*, 47 Fed. (2d) 108, affirming 15 B. T. A. 609; *Burnet* v. *Lexington Ice & Coal Co.*, 62 Fed. (2d) 906; *First National Bank of Greeley* v. *United States*, 86 Fed. (2d) 938.

However, there are other facts present in this case and the problem before us is whether they make inapplicable the general rule stated above. Pending dissolution, the property of the corporation was used by the stockholders in the conduct of the business of a partnership formed by them for the conduct of the business formerly carried on by the corporation. Decisions were made by them not only with regard to the conduct of the business, but also with regard to the extension of the option to sell the property. The individuals who were trustees in dissolution were also stockholders and partners, and the checks received in payment for the property were endorsed by them as trustees and deposited in the partnership bank account. Under these circumstances the petitioners contend that in fact and in law the sale was made by the partnership and any gain resulting should be taxed to the partners.

We do not agree with this contention. The partners were also stockholders of the corporation in dissolution. Their right to the corporate property which was used by them in the partnership business was, as we pointed out in our opinion in *Chilhowee Mills, supra,* at p. 688, "subject to the rights of creditors and the right of the directors and officers of the old corporation to administer it in dissolution under the State statute." It was also subject to the terms of an option executed by the corporation prior to dissolution. As stockholders, it was proper for them to express their views with regard to the sale of this property, since the trustees in dissolution were not only trustees

for the corporation, but also for its creditors and stockholders. It was, therefore, proper also for the trustees after payment of debts to make the proceeds available to the stockholders by depositing them in a bank account in which all of the stockholders had interests proportionate to their stockholdings, even though that bank account was in the name of a partnership. The fact that the trustees in dissolution were acting for the stockholders does not require a conclusion that they were not acting as trustees for the corporation. See *Will T. Caswell*, 36 B.. T. A. 816, 822. The fact that the stockholders had limited present rights and absolute ultimate rights to the property of the corporation (or its proceeds), and pursuant to such rights made use of the property in the business of a partnership carrying on the business of the corporation pending its complete liquidation in dissolution, is not controlling. Any distribution of property rights to them was subject to the rights of the trustees in dissolution under the state statutes and to the burden of the option contract executed by the corporation prior to dissolution.

We conclude that the sale of the property of Chilhowee Mills, Inc., made by its trustees in dissolution should be treated as if made by the corporation. We are of the opinion that the transactions in 1937 did not amount to a distribution by the corporation of its assets in complete liquidation. Upon dissolution of the corporation the rights of the stockholders to the corporation's property used by them in the business of the partnership which they then organized were subject to powers and duties of the trustees in dissolution acting on behalf of the corporation and its creditors (including the Government), as well as the stockholders. The stockholders took by absolute right only the proceeds of the sale made by the trustees after the payment of the corporate debts (including taxes). Therefore, the determinations of the Commissioner in the instant proceedings are affirmed, the extent of the liability in the transferee cases being that stipulated by the parties.

*Decision will be entered under Rule 50.*