OPINION. Leech, Judge: The petitioner, Cooper Foundation, admits the liability as transferee for any tax deficiency due from Peerless. Thus the issue presented turns wholly upon the answer to the question as to whether the sale of the Naftzger-Peerless lease and improvements to Miller was by Peerless or by Cooper Foundation. If by Peerless, the liability determined as to Cooper Foundation must be sustained, but if the sale was by Cooper Foundation, the deficiency as to Peerless must fall and, with it, the liability determined against Cooper Foundation. The question is one that has been before us in a number of cases. It is a question of fact. Other cases are helpful only to the extent that the facts there involved are substantially similar to those here. The rule is that the actualities of the sale must govern and that, where the agreement to sell was in fact made on behalf of the corporation owning the property by stockholders or others empowered to act for it and the sale was later carried out by a liquidation of the corporation and distribution of the property to its stockholders, with a transfer by them to the purchaser, the stockholders are merely a conduit of title. The sale, in such case, is considered as one by the corporation, with the gain thereon taxable to it. Commissioner v. Court Holding Co., 324 U. S. 331; Meurer Steel Barrel Co. v. Commissioner, 144 Fed. (2d) 282; Hellebush v. Commissioner, 65 Fed. (2d) 902; Hattie W. Mackay, Executrix, 29 B. T. A. 1090; Chilhowee Mills, Inc.. 4 T. C. 558; Howell Turpentine Co., 6 T. C. 364. Under the rule of the cited cases, our inquiry here is, therefore, directed to the fact as to whether the evidence reveals in substance a sale by Peerless to Miller of the Naftzger-Peerless lease and improvements. We think this question must be answered in the negative. The evidence conclusively establishes that the negotiations with Fox Films and its subsidiary, Miller, were carried out exclusively by Cooper Foundation, which was a minority stockholder in Peerless, and without power to act for or bind that corporation. The activities of Cooper Foundation in the matter were wholly in its own interest. On the other hand, there was no desire or purpose on the part of Fox Films or Miller to deal with or acquire any assets from Peerless. Indeed the evidence contradicts the existence of a situation in which Peerless would have been able to effect a sale of its property. Kent, as president of Fox Films, agreed to purchase the lease and improvements from Cooper Foundation if the latter could acquire and transfer them. The reason was a desire to satisfy Cooper Foundation which had announced its plan to build a theater in Wichita to compete with Miller unless something was done to prevent the loss which would be occasioned to Cooper Foundation by Miller acquiring a lease from the Naftzger estate for a period subsequent to the expiration of the existing lease to Peerless. There was no plan in so far as Fox Films or Miller was concerned that Cooper Foundation should acquire by liquidation the lease which Miller agreed to buy. It was bound to receive and pay for the lease only if and when it was acquired by Cooper Foundation. And, as we said in George T. Williams, 3 T. C. 1002: * * * As a pure proposition of law, we think it can not be said that a stockholder can in no circumstances contract as an individual to sell property which he expects to acquire from the corporation. * * * Here Miller at no time made any offer to or agreement with Peerless for the property. Its agreement was with Cooper Foundation, alone, which acted exclusively in its own interests. In those circumstances, Cooper Foundation, in contracting to sell the property if it could acquire it, can not be considered as acting for Peerless when it had no authority to bind that corporation. The recent case of Howell Turpentine Co., supra, is distinguishable on the facts. There the purchaser desired the property of the corporate petitioner and negotiated with its officers and the owners of a majority of its corporate stock for the purchase and the price to be paid. The purchaser advised the stockholders acting in the corporate interest that it was immaterial to it as to whether title would be taken direct from the corporation or the latter liquidated and the deal consummated by a transfer by the stockholders. In that case the liquidation of the corporation occurred after consideration of the tax aspects when it was apparent that a saving could be effected if the sale was made by the stockholders. In the present case the offer to purchase was made to one stockholder owning a minority interest and was an offer made to it as such stockholder and the obligation by the purchaser to take the property did not arise under the contract until after it became the property of Cooper Foundation. We think, and have so found, that the Cooper Foundation, and not Peerless, sold the Naftzger lease and improvements to Miller. It follows that Peerless realized no gain on such sale. The deficiency against F’eerless therefore falls and with it the transferee liability of Cooper Foundation. Decisions will be entered for the petitioners.