Demos Mandis et al. [1] v. Commissioner. Mandis v. Commissioner
Docket Nos. 22316, 22317, 22318, 22319.
United States Tax Court
1950 Tax Ct. Memo LEXIS 173; 9 T.C.M. (CCH) 520; T.C.M. (RIA) 50149; June 16, 1950
Harry E. Gaylord, Esq., for the petitioners. Bernard D. Hathcock, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: By these proceedings each petitioner contests respondent's determination of transferee liability for penalties of $1,427.49 assessed under Internal Revenue Code, section 291, because of the failure of petitioners' transferor to file corporation income and excess profits tax returns for the period November 1, 1943, to April 30, 1944. Transferee liability of each petitioner for deficiencies of $2,070.97 and $3,639 in income and excess profits taxes, respectively, for the same period is not contested. Findings of Fact Mandis Stock Farm, Inc., hereinafter sometimes called the company, was organized under the laws of Florida on *174 October 30, 1940, and engaged at Avon Park, Florida, in the business of dairy farming. On October 22, 1943, the Secretary of State of Florida issued a "Certificate of Corporate Dissolution," reciting that the company "has been and is dissolved and no longer exists under the laws of the State of Florida." On November 17, 1943, the Circuit Court of Highlands County, Florida, appointed petitioners Demos Mandis and Mrs. Margaret W. Mandis as trustees to discharge the company's obligations and carry out its contracts. According to their report to the Court filed on June 21, 1944, the trustees were husband and wife and between them had held all of the stock in the company except for one qualifying share held by Phillip Boardman. The trustees and Boardman formed a partnership to continue the dairy business. Petitioners Walter S. Mandis and Miss Margaret W. Mandis subsequently were admitted as partners. A man named William M. Cathrae, who was neither an accountant nor a lawyer, was employed by the partners to prepare a statement of assets and liabilities to be used in opening the partnership books, and to prepare the Federal tax returns for the dairy business. He had been first retained *175 to render accounting services and prepare tax returns for the company in 1941 or 1942. Cathrae has been engaged in tax practice about 40 years and was admitted to practice before the Treasury Department until, prior to the period in question, the privilege was withdrawn because he was charged with conspiracy to defraud in connection with preparing Federal income tax returns of an unrelated Florida corporation. Cathrae was acquitted of the charges by a jury verdict in a Federal court. He elected not to apply for reinstatement to practice before the Treasury, but has continued to engage in the preparation of Federal income tax returns. Cathrae prepared a Federal corporate income tax return for the company for the period October 1, 1943, to October 31, 1943. For the fiscal year beginning November 1, 1943, and ending October 31, 1944, Cathrae prepared and petitioners filed a timely return on Treasury Department Form 1065: PARTNERSHIP RETURN OF INCOME. The taxpayer was named as "Mandis Dairy," and the "Ordinary net income" of $35,408.05 was reported distributable among the partners as follows: Partner
Share
Demos Mandis
$10,622.43
[Mrs.] Margaret Mandis
10,622.42
[Miss] Margaret Mandis
7,081.60
Walter Mandis
7,081.60
Total
$35,408.05
*176 For the same fiscal year Cathrae prepared and petitioners filed an amended return on Form 1065, naming the taxpayer "Mandis Stock Farm," claiming an additional deduction of $8,523.75 for "Carry-back Loss 1946," and reporting the "Ordinary net income" of $26,784.30 distributable among the partners as follows: Partner
Share
Demos Mandis
$ 8,065.29
[Mrs.] Margaret Mandis
8,065.29
Walter S. Mandis
5,326.84
[Miss] Margaret Mandis
5,326.84
Total
$26,784.30 [1]
In preparing the partnership returns Cathrae used the figures shown by the books of the partnership. The income of the business of Mandis Stock Farm, Inc., for the taxable period November 1, 1943, to April 30, 1944, was included in the partnership returns. In a 30-day letter addressed to Mandis Stock Farm respondent reduced its income for the same period "* * * due to the adjustments, as set forth in the attached report for elimination of income applicable to operation of the business for the period it was held by the Trustees, i.e., 11/1/43-4/30/44." During the period in question the business was an association *177 taxable as a corporation. In his notices of deficiency respondent "* * * determined that Mandis Stock Farm, Avon Park, Florida, was an association taxable as a corporation. "Inasmuch as no income and excess profits tax returns were filed for the taxable period November 1, 1943 to pril 30, 1944, within the time prescribed by law, the 25% delinquency penalty has been asserted in accordance with the provisions of Section 291 of the Internal Revenue Code. "The records indicate that assets of the above-named association were transferred to you. The above-stated amounts represent your liability as transferee of the assets * * *." Opinion As in Germantown Trust Co. v. Commissioner, 309 U.S. 304, 309, we think in essence "the * * * contention is that where a fiduciary [or partnership], in good faith, makes what it deems the appropriate return, which discloses all of the data from which the tax, treated as one imposed upon an association (classified as a corporation under the statute), can be computed, such a return is to be deemed no return. We think this view inadmissible." Respondent makes no contention that the inclusion of the corporate *178 income in the return of the successor partnership was incomplete or that the action was taken in bad faith. As in the Germantown case, there is no denial that the return "contained all of the data from which a tax could be computed and assessed although it did not purport to state any amount due as tax." Under the circumstances we conclude that a timely return was filed within the meaning of section 291, Internal Revenue Code, and that no penalty should be imposed. See John and Paul Tonningsen Trust, 43 B.T.A. 37, affirmed (C.C.A., 9th Cir.), 126 Fed. (2d) 48 (C.A.D.C.), 152 Fed. (2d) 137, reversing 4 T.C. 558. Decision will be entered under Rule 50. Footnotes
1. Proceedings of the following petitioners are consolidated herewith: Walter S. Mandis; [Miss] Margaret W. Mandis; and [Mrs.] Margaret W. Mandis.↩
1. A mathematical error as reported in the return, to be corrected to $26,784.26.↩