ESTATE OF ANNA C. YANTES, DECEASED, THE OHIO NATIONAL BANK OF COLUMBUS, ANCILLARY ADMINISTRATOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 47599.  Promulgated February 26, 1954.

*Sol Morton Isaac, Esq.*, for the petitioner.
*Kenneth W. Gemmill, Esq.*, for the respondent.

### OPINION.

MURDOCK, *Judge:* The Commissioner determined a deficiency of $10,280.19 in estate tax. The only issue for decision is whether he erred in disallowing a deduction of $85,725.86 claimed on the return for previously taxed property under section 812 (c) of the Internal Revenue Code. The case has been submitted on a stipulation of facts.

Anna C. Yantes, the decedent, died intestate a resident of Melbourne, Florida, on November 20, 1950.

Anna had created an irrevocable trust on March 8, 1935, naming a bank as trustee and retaining the income of the trust for herself during her life. Thereafter, the income was to go to her son, Edmond, for his life, and he was given a general testamentary power of appointment over the corpus.

Edmond died testate on April 8, 1949, while residing in Columbus, Ohio, and by his will exercised, in favor of his wife and children, the power of appointment over the trust created by his mother. The value at the date of Edmond's death of the trust assets subject to the life estate of Anna was taxed as a part of Edmond's estate for Federal estate tax purposes and the tax thereon was paid. The trust assets were reported in the estate tax return for Edmond's estate at $94,326.57 and that value was decreased by $6,916.97 representing the value at Edmond's death of Anna's existing life estate in the trust assets.

The assets of the trust at the date of the death of Anna were substantially the same as they were at Edmond's death. The trust assets were reported in the estate tax return for Anna's estate at a value of $100,995.45 and a deduction of $85,725.86 was claimed on that return under section 812 (c) for property previously taxed within 5 years. The Commissioner, in determining the deficiency, disallowed the deduction.

The parties agree that the value of the trust assets was properly included as a part of Anna's estate under section 811 (c) (1) (B) of the Internal Revenue Code because Anna made the transfer by trust under which she retained for her life the right to the income from the property. Likewise, they concede that the value of the trust property reduced by the value of the life estate of Anna was properly taxed as a part of the estate of Edmond under section 811 (f) (1) of the Internal Revenue Code since it was property with respect to which Edmond exercised a general power of appointment by will. The only question for decision here is whether the deduction taken on Anna's return was proper under section 812 (c) of the Internal Revenue Code.

Section 812 (c) provides for the purpose of estate tax that the value of the net estate shall be determined by deducting from the value of the gross estate:

(c) PROPERTY PREVIOUSLY TAXED.—An amount equal to the value of any property (1) forming a part of the gross estate situated in the United States of any person who died within five years prior to the death of the decedent, or (2) transferred to the decedent by gift within five years prior to his death, where such property can be identified as having been received by the decedent from the donor by gift, or from such prior decedent by gift, bequest, devise, or inheritance, or which can be identified as having been acquired in exchange for property so received. Property includible in the gross estate of the prior decedent under section 811 (f) and property included in total gifts of the donor under section 1000 (c) received by the decedent described in this subsection shall, for the purposes of this subsection, be considered a bequest of such prior decedent or gift of such donor. * * *

The Commissioner contends that section 812 (c) does not apply because the property included in Anna's estate can not "be identified as having been received by the decedent from * * * such prior decedent by gift, bequest, devise, or inheritance" as required by section 812 (c).

He sees no ambiguity in the words of the statute and finds nothing in the legislative history of the provision to indicate that Congress meant more or less than it said in section 812 (c). He has so interpreted the provision in his Regulations 105, section 81.41 (as amended by T. D. 5239, 1943 C. B. 1081; T. D. 5408, 1944 C. B. 578; T. D. 5699, 1949 C. B. 181). He points out that Congress has always used the word "received" in this provision and, furthermore, that it took section 811 (f) into consideration as is shown by the reference thereto in section 812 (c). He insists that the deduction is proper only where the property included in the estate of the second decedent was received from the prior decedent. The property being taxed as a part of the estate of the present decedent was not so received. Anna had owned the property and she gave the power to dispose of it to her son, the prior decedent. Therefore, if the plain words of the statute are to be followed, it is apparent that the Commissioner did not err in disallowing this deduction.

Counsel for the petitioner argues forcefully that the Court should ignore those words in order to carry out the "plain and unmistakable" intent of Congress that 2 estate taxes should not be levied on the same property within 5 years and in order to avoid an absurd and inequitable result manifestly contrary to the spirit of the provision as well as to the intent of the legislators. A similar situation arises where property is transferred in contemplation of death and the donee predeceases the donor by less than 5 years. There may be others. The petitioner quotes from a number of cases of which perhaps the following from *Church of the Holy Trinity* v. *United States,* 143 U. S. 457, is typical:

It is a familiar rule that a thing may be within the letter of the statute and yet not within the statute, because not within its spirit nor within the intention of its makers. * * * This is not the substitution of the will of the judges for that of the legislator for frequently words of general meaning are used in a statute, words broad enough to include an act in question, and yet a consideration of the whole legislation, or of the circumstances surrounding its enactment, or of the absurd results which follow from giving such broad meaning to the words, makes it unreasonable to believe that the legislator intended to include the particular act. * * *

Cf. *Diamond A. Cattle Co.,* 21 T. C. 1.

The Supreme Court said in *United States* v. *American Trucking Associations, Inc.,* 310 U. S. 534, at pages 543-4, in discussing this problem:

When aid to construction of the meaning of words, as used in the statute, is available, there certainly can be no "rule of law" which forbids its use, however clear the words may appear on "superficial examination."

Perhaps, as the petitioner strenuously argues, Congress intended to allow the deduction, even though the second estate did not receive the property from the prior decedent, " in those situations where the inter-

nal revenue law has so changed the common law incidents of property as to place in the estate of a decedent for tax purposes property which would not be considered his for any other purpose." However, aids to such an interpretation of the words are unavailable either in the legislative history of the provision or elsewhere. The limitation that the deduction applies only where the second decedent received the property from the prior decedent has been consistently used by Congress in this provision and its predecessors. That being so, no general statements in committee reports and by members of Congress can fairly be read as indications that the legislators intended the provision to have broader application. It may be, as the petitioner suggests, that situations like this were "completely overlooked by the drafters of the statute." A court can not legislate to cure omissions in the law. However, Congress was not unaware of section 811 (f) when it enacted section 812 (c) because it expressly provided that if the decedent had received property by reason of an appointment by the prior decedent, that appointment would be considered a bequest by the prior decedent to the later decedent. Yet it said nothing about a situation like that here present where the subsequent decedent gave the power of appointment to the prior decedent. Furthermore, if it overlooked that kind of a situation, there is no indication of how it might have dealt with it. For example, it might have felt that the estate of the one merely exercising such a power might be the appropriate one to have the deduction rather than the estate of the one who owned the property and took this method of disposing of it, or it might have desired to adhere to the general pattern of allowing the deduction to the estate of the one last to die. The important point is that no clear intent of Congress to allow a deduction to the second decedent in a complicated situation like this can be gleaned from any available source. The Court is forced to the conclusion that this is not a situation in which it can ignore the plain letter of the law. Further legislation from Congress would be required to allow the deduction claimed.

The case of *Andrew J. Lyndon v. United States* (M. D., Ga., Feb. 3, 1938) (not officially reported), 22 A. F. T. R. 1251, 38–1 U. S. T. C. 9145, involved the estate of a decedent who had given the property to the prior decedent. Judge Deaver there held "Congress never intended that two estate tax levies should be made against the same estate within a period of five years." He did not give reasons for his holding or explain how the plain language of the law requiring receipt of the property by the decedent from the prior decedent could or should be ignored or avoided. That case is not persuasive authority here.

Reviewed by the Court.

*Decision will be entered for the respondent.*