ESTATE OF CARL J. GUENZEL, DECEASED, ERNEST USHER GUENZEL AND CARL STANLEY GUENZEL, EXECUTORS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 59370. Filed April 17, 1957.

---

[3] N. Y. Debt. & Cred. sec. 273.

*Robert C. Guenzel, Esq.*, and *Philip G. Johnson, C. P. A.*, for the petitioner.

*George E. Adams, Jr., Esq.*, for the respondent.

OPINION.

MULRONEY, *Judge:* Respondent determined a deficiency in estate tax of the Estate of Carl J. Guenzel in the amount of $32,646.05. Carl J. Guenzel died on March 18, 1951, a resident of Lincoln, Nebraska. His estate was probated in Lincoln and the executors filed their estate tax return on June 16, 1952, with the district director of internal revenue for the district of Nebraska. Respondent determined that decedent had transferred properties having a value of $106,935.01 and this sum should be added to decedent's gross estate. The correctness of this determination is the question now presented. An alternative question is whether petitioner is entitled to a deduction of $100,000 on the ground that said property was previously taxed in Carl Guenzel's wife's estate. Most of the facts are stipulated and the record leaves no disputed fact questions to decide.

On March 14, 1936, Carl J. Guenzel executed an irrevocable trust, known as the Carl J. Guenzel Trust, and on the same date Letitia Guenzel, his wife, executed a similar irrevocable trust known as the Letitia Guenzel Trust. Carl transferred securities and property having a value of $85,068.75 to the trustee named in his trust, the First Trust Company of Lincoln, Nebraska. Letitia transferred securities and property to the same named trustee, having a value of $85,016.75. Both trust agreements are identical as to form, wording, provisions for the continuance thereof, and disposition of income to a primary life income beneficiary, and to the grantors as secondary life income beneficiaries, and to the same named ultimate beneficiaries.

The Carl J. Guenzel Trust provided, in part, as follows:

The Trustee shall dispose of the Trust Estate as follows:

A. The net income from all property constituting said Trust shall be paid to the Grantor's wife, Letitia Guenzel, during her lifetime, in such installments not less than quarterly that she desires.

B. Upon the death of Grantor's said wife, if the Grantor is then deceased, the trust estate shall be divided equally between and paid over OUTRIGHT to the Grantor's sons, C. Stanley Guenzel and Ernest U. Guenzel.

1. If either of the Grantor's said sons dies before becoming entitled to receive his share of the trust under the foregoing provisions, such share shall be divided equally among and vest in his surviving children, including by right of representation the issue of any deceased child of his. Each such share,

however, shall be retained by the Trustee and the principal thereof paid to the beneficiary when he or she attains the age of twenty-five (25) years, with net income to be paid in the meantime to such beneficiary.

C. Should the Grantor's wife, Letitia Guenzel, predecease the Grantor from and after her death the net income from the trust estate shall be paid to the Grantor during his lifetime in such installments, not less than quarterly, that he desires.

1. If paragraph "C" becomes operative then upon the death of the Grantor (his said wife also being then deceased) the trust estate shall be disposed of as provided in paragraph "B" and sub-paragraph "B-1", whichever is applicable.

The Letitia Guenzel Trust contained the same provisions except that it named Carl J. Guenzel as the primary life income beneficiary and the corpus was to go to the sons on Letitia's death if she survived her husband. Gift tax returns for the calendar year 1936 were filed by both grantors covering the transfers in trust and the gift tax paid on the return filed by Carl Guenzel was $1,573.16.

Letitia Guenzel died February 8, 1947, and the executors of her estate filed the estate tax return. The return was audited by the Commissioner's agents, which resulted in the inclusion in her gross estate the sum of $99,278.43 with this explanation by the acting internal revenue agent in charge:

Value of C. J. Guenzel Trust created March 14, 1936_____ $99,278.43

The decedent and her husband on March 14, 1936 created reciprocal trusts and in effect the property of decedent was exchanged for that of the husband. It is our view that the decedent be regarded as the creator of the trust created by the husband and was the nominal grantor and the same included in the gross estate as a transfer under Section 811 (c) the decedent had the right to the income.

The executors of Letitia's estate paid the tax with the $99,278.43 included as a part of the gross estate. After Letitia's death Carl received the income from the Carl Guenzel Trust and it was stipulated he was entitled to receive the same until his death.

On November 5, 1949, Carl executed a release, relinquishment, and renunciation of all of his right, title, power, and interest in and to the Letitia Guenzel Trust. No part of the corpus of that trust is sought to be included in the estate of the present decedent.

On March 18, 1951, Carl Guenzel died and the executors of his estate are the same parties who acted as executors of Letitia's estate. Respondent included in the gross estate the value of all of the property (a net of $106,935.01 at date of death) transferred to the trustee in the Carl J. Guenzel Trust, the audit attached to the 90-day letter stating:

The value of the above-described property, transferred by the decedent in his lifetime, is included in the gross estate, it being determined that the decedent reserved the income for his life and comes within the provisions of Section 811 (c) of the Internal Revenue Code.

The transfer in trust involved in the instant case is clearly taxable in the estate of decedent under the provisions of section 811 (c) (1) (B), which provides as follows:

SEC. 811. GROSS ESTATE.

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

(a) DECEDENT'S INTEREST.—To the extent of the interest therein of the decedent at the time of his death;

\*        \*        \*        \*        \*        \*        \*

(c) TRANSFERS IN CONTEMPLATION OF, OR TAKING EFFECT AT, DEATH.

(1) GENERAL RULE.—To the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise—

(A) in contemplation of his death; or

(B) under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (i) the possession or enjoyment of, or the right to the income from, the property, or (ii) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom; \* \* \*

Numerous recent cases have held where a grantor creates a trust and retains a secondary life estate or life income, the transfer is taxable in the grantor's estate under the above section. *Helvering* v. *Hallock,* 309 U. S. 106; *Commissioner* v. *Estate of Church,* 335 U. S. 632; *Commissioner* v. *Nathan's Estate,* 159 F. 2d 546; *Estate of Herman Hohensee, Sr.,* 25 T. C. 1258.

In *Commissioner* v. *Estate of Church, supra,* the Supreme Court said, with respect to the rule of the earlier *Hallock* case, which rule was specifically approved:

an estate tax cannot be avoided by any trust transfer except by a bona fide transfer in which the settlor, absolutely, unequivocally, irrevocably, and without possible reservations, parts with all of his title and all of his possession and all of his enjoyment of the transferred property. After such a transfer has been made, the settlor must be left with no present legal title in the property, no possible reversionary interest in that title, and no right to possess or to enjoy the property then or thereafter. In other words such a transfer must be immediate and out and out, and must be unaffected by whether the grantor lives or dies. \* \* \*

Petitioner's argument against the inclusion of the value of the property in the Carl J. Guenzel Trust is based on the reciprocal trust doctrine as announced in *Lehman* v. *Commissioner,* 109 F. 2d 99. In the cited case it was held where two parties each create a trust, for the benefit of the other, and the trusts have been created, each in consideration of the other, the nominal grantors are switched for tax purposes, so that each is regarded, not as the settlor of the trust which he nominally created, but as the settlor of the other trust for which he furnished the consideration.

We do not understand that petitioner argues a transfer in trust, reserving a secondary life income in the grantor, could not be taxed

in the grantor's estate under the above statute and authorities. It argues it cannot be done in this case *because* the trust here involved is one of two reciprocal trusts and therefore the *Lehman* doctrine *must* be applied, and in any event, when the wife died the *Lehman* doctrine was applied and the trusts were uncrossed and the transfer in trust of the decedent was taxed in the wife's estate, and respondent cannot now tax the same transfer in the husband's estate.

Petitioner's reliance upon the *Lehman* case is misplaced. There the transfers were without any reservations and they would not be taxable if each named grantor were regarded as the real creator of the trust. But, because they were reciprocal and a *quid pro quo* arrangement and because as the opinion states, "The law searches out the reality and is not concerned with the form," the court held each grantor was no more than a nominal grantor.

Here the trust involved is clearly a transfer wherein the decedent "retained for his life or for [a] period not ascertainable without reference to his death or for any period which does not in fact end before his death * * * the right to the income from" the trust property. Sec. 811 (c) (1) (B). Petitioner is asking that the statute be ignored and instead the Court concept of crossed trusts be applied. This cannot be done. We see no reason to go into the applicability of the *Lehman* doctrine when the transfer in trust, which the decedent made in this case, is plainly includible in his estate under the statute.

Petitioner argues the doctrine of the *Lehman* case must be applied here for it was applied in the wife's estate and the property which petitioner transferred in trust was actually taxed in the wife's estate. It is not quite clear whether the petitioner is making an argument of estoppel against respondent or trying to impose a duty of consistency against him. In either case there is no merit in the argument. In the cases cited by the petitioner it was held the Commissioner was precluded from asserting a tax liability on the ground of a previous inconsistent position taken by him with respect to the same taxpayer. The fact that the Commissioner's position here might be inconsistent with the position taken by the Commissioner in the wife's estate is immaterial. No double tax, as a result of one transaction, results as to the present taxpayer. It cannot base an argument of estoppel upon a showing of inconsistency with the assertion of tax liability against another taxpayer. *Chilhowee Mills, Inc.*, 4 T. C. 558.

Petitioner makes an argument that it is entitled to a deduction for property previously taxed in the amount of approximately $100,000. The argument here made by petitioner is that under section 812 (c) of the Internal Revenue Code of 1939 a deduction is granted in—

An amount equal to the value of any property (1) forming a part of the gross estate situated in the United States of any person who died within five years

prior to the death of the decedent, * * * where such property can be identified as having been received * * * from such prior decedent by gift, bequest, devise, or inheritance, or which can be identified as having been acquired in exchange for property so received. * * *

The argument of petitioner on brief is that decedent succeeded to his wife's rights in the property and in that sense he should be considered as having inherited his rights in the property from the estate of Letitia Guenzel. The answer is that the trust property that was transferred to the trustee was decedent's property. He succeeded to his interest in the property by virtue of the trust instrument he executed. A deduction for property previously taxed cannot be allowed unless the property can be identified as having been *received* by decedent from a prior decedent by gift, bequest, devise, or inheritance. The trust property here involved was not so received by decedent. *Estate of Anna C. Yantes*, 21 T. C. 830, affd. 220 F. 2d 754.

*Decision will be entered under Rule 50.*