T.C. Memo. 1996-154


UNITED STATES TAX COURT


RONALD NEIL AND MAKBULE ROBINSON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14951-94.                    Filed March 26, 1996.


Ronald Neil Robinson and Makbule Robinson, pro se.

<u>John R. Voeller</u>, for respondent.


MEMORANDUM OPINION

COHEN, <u>Judge</u>:  Respondent determined a deficiency of $4,315 in petitioners' Federal income tax for 1992 and an accuracy-related penalty pursuant to section 6662(a) of $863.  The parties have settled the issues reflected in the notice of deficiency. We address here an overpayment issue raised in an amended petition, to wit, whether petitioners are entitled to exclude

from income a $99,434 lump-sum payment received by Ronald Neil Robinson (petitioner) from the United States Army.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Sometime before October 1990, petitioner was diagnosed with depression and began receiving medical treatment for that condition. On September 30, 1992, petitioner was released from active duty in the United States military due to his participation in a "VOLUNTARY INCENTIVE PROGRAM-SSB". Petitioner received $99,434.30 in a lump-sum payment.

By letter dated July 29, 1993, the Department of Veterans Affairs notified petitioner that his claim for disability compensation for neurosis had been approved. Petitioner's claim for disability compensation payments was approved as follows:

| Monthly Rate | Effective Date |
| --- | --- |
| $83 | 11/1/92 |
| 85 | 12/1/92 |

The disability award was made subject to the recoupment of $99,434.30 that petitioner had received due to his separation from service with the military.

Petitioners included $99,434 in their gross income on their Form 1040, U.S. Individual Income Tax Return, for 1992. On an amended return received by the Austin Service Center on March 20,

1995, petitioners decreased their gross income by $99,434, stating their reason as follows:

> IN JULY, 1993, TAXPAYERS WERE INFORMED THAT $99,434.30 OF GROSS WAGES ORIGINALLY REPORTED IN 1992 WOULD BE RECLASSIFIED FROM SEVERANCE PAY TO DISABILITY PAY. 1992 GROSS WAGES, WHICH ORIGINALLY INCLUDED THIS AMOUNT, SHOULD BE REDUCED BY THIS NON TAXABLE DISABILITY INCOME.

Petitioner argues that, when the Department of Veterans Affairs determined he was entitled to disability compensation, the lump-sum distribution received from the voluntary incentive program was reclassified as disability pay and, thus, was not includable in gross income pursuant to section 104(a)(4).

The Special Separation Benefits Program, 10 U.S.C. sec. 1174a (Supp. IV 1992), in which petitioner participated was enacted by Pub. L. 102-190, title VI, sec. 661(a)(1), 105 Stat. 1394 (1991).  Its purpose was to "give a reasonable, fair choice to personnel who would otherwise have no option but to face selection for involuntary separation" due to military strength reductions.  H. Conf. Rept. 102-311, at 556 (1991), 1991 U.S.C.C.A.N. 1042, 1111-1113.

While 10 U.S.C. sec. 1174a does not address the effect of Department of Veterans Affairs disability payments on separation benefits, 10 U.S.C. sec. 1174(h)(2) (Supp. IV 1992) (the recoupment statute) applies to the Special Separation Benefits Program.  10 U.S.C. sec. 1174a(g) (Supp. IV 1992).  The recoupment statute provides:

(2) A member who has received separation pay under this section, or severance pay or readjustment pay under any other provision of law, based on service in the armed forces shall not be deprived, by reason of his receipt of such separation pay, severance pay, or readjustment pay, of any disability compensation to which he is entitled under the laws administered by the Department of Veterans Affairs, but <u>there shall be deducted from that disability compensation an amount equal to the total amount of separation pay, severance pay, and readjustment pay received</u>.  Notwithstanding the preceding sentence, no deduction may be made from disability compensation for the amount of any separation pay, severance pay, or readjustment pay received because of an earlier discharge or release from a period of active duty if the disability which is the basis for that disability compensation was incurred or aggravated during a later period of active duty. [10 U.S.C. 1174(h)(2) (Supp. IV 1992); emphasis added.]

Under the recoupment statute, separation pay is subject to <u>total</u> recoupment when the recipient is subsequently awarded disability compensation by the Department of Veterans Affairs. Although it may seem unfair to petitioner that taxable separation pay is recouped by withholding nontaxable disability compensation, total recoupment without tax relief was clearly intended by Congress.

Prior to the enactment of 10 U.S.C. sec. 1174(h), separation pay recoupment was governed by 10 U.S.C. sec. 687(b)(6) (as enacted by Pub. L. 89-718, sec. 6, 80 Stat. 1115, 1116 (1966) (repealed 1981).  The prior statute required the Veterans' Administration (now the Department of Veterans Affairs) to recoup 75 percent of the separation pay when withholding disability compensation.  10 U.S.C. sec. 687(b)(6) (repealed 1981). Recoupment of only 75 percent of the separation pay was to

account for the differing tax treatments of the separation and disability payments. See Berger v. Commissioner, 76 T.C. 687, 691-692 (1981) (quoting S. Rept. 1096, 87th Cong., 1st Sess. (1961), 1961 U.S.C.C.A.N. 1783, 1786).

In 1980, Congress enacted the Defense Officer Personnel Management Act, Pub. L. 96-513, 94 Stat. 2835, which amended the separation pay recoupment statute, replacing the 75-percent recoupment with total recoupment. See Pub. L. 96-513, Title I, sec. 109(c), 94 Stat. 2870, 2871 (1980) (effective Sept. 15, 1981) (codified at 10 U.S.C. sec. 1174(h)(2)). No alternative provision was established to relieve the imbalance of recouping taxable separation pay with nontaxable disability compensation, indicating that Congress' intent was to eliminate the tax relief for recoupment.

Petitioner's being diagnosed with the disability during his military service does not change the analysis under 10 U.S.C. 1174(h). Petitioner originally received taxable separation benefits, and no provision for reclassifying the separation pay is provided by any applicable statute. Therefore, the character of the separation benefits remained taxable even after petitioner became eligible for disability compensation. Petitioners must include the $99,434.30 separation payment in income on their 1992 Federal income tax return.

Petitioner has asserted that he knows of two fellow veterans, who were initially awarded separation pay and were

later awarded disability compensation, who have filed amended returns reclassifying the payments as disability pay and have received refunds. We do not have before us evidence from which we can determine whether or not petitioner's case is distinguishable from the situations he describes. Payment of a refund claimed is neither an express or an implied approval by the Internal Revenue Service of items reported on a return. See Warner v. Commissioner, 526 F.2d 1 (9th Cir. 1975), affg. T.C. Memo. 1974-243. In any event, a taxpayer is not entitled to erroneous treatment, even if another taxpayer or the same taxpayer in another year has received the benefit of an error. As we stated in Malinowski v. Commissioner, 71 T.C. 1120, 1128 (1979):

> It has long been the position of this Court that our responsibility is to apply the law to the facts of the case before us and to determine the tax liability of the parties before us; how the Commissioner may have treated other taxpayers has generally been considered irrelevant in making that determination. * * *

See Davis v. Commissioner, 65 T.C. 1014, 1022 (1976); Estate of Guenzel v. Commissioner, 28 T.C. 59, 63 (1957), affd. 258 F.2d 248 (8th Cir. 1958).

To reflect the agreement of the parties,

Decision will be entered

under Rule 155.