HAROLD L. AND ESTHER S. STEWART, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stewart v. Commissioner
Docket No. 4780-73.
United States Tax Court
T.C. Memo 1978-400; 1978 Tax Ct. Memo LEXIS 112; 37 T.C.M. (CCH) 1657; T.C.M. (RIA) 78400; October 5, 1978, Filed Earl G. Stokes, for the petitioners. William E. Saul, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined a deficiency of $ 1,326 in petitioners' Federal income tax for the year 1969 and an addition to tax under section 6653(a) [1] in the amount of $ 66. At the trial respondent conceded that the petitioners are entitled to a business expense deduction of $ 1,085.11 for "ice, bait and fuel" rather than the amount of $ 840 allowed in the notice of deficiency. He also conceded the negligence penalty of $ 66. Thus, the issues remaining for decision *113 are: (1) Whether petitioners can invoke equitable considerations to attack the presumption of correctness which attaches to respondent's notice of deficiency and satisfy their burden of proof by presenting oral testimony that their tax returns were true and correct and based on some books and records kept by their tax return preparer; and (2) whether petitioners are entitled to various business expenses, depreciation and itemized deductions in excess of the amounts allowed by the respondent. FINDINGS OF FACT A few facts have been stipulated and are so found. Harold L. Stewart and Esther S. Stewart (petitioners) are husband and wife whose legal residence was in Eureka, California, when they filed their petition in this case. Their joint Federal income tax return for 1969 was filed with the Internal Revenue Service Center at Ogden, Utah. Harold L. Stewart (petitioner) is engaged in commercial fishing in Eureka, California. In 1969 he operated a fishing vessel known as F. V. Washington. His gross business receipts in 1969 were $ 13,625.98. On his Federal income tax return he claimed various "costs" totaling $ 5,871.91, and business deductions totaling $ 3,965.04, which *114 included depreciation in the amount of $ 1,658.34. Petitioners had their Federal income tax return for 1969 prepared by Theodore Watkins. All receipts and documentation were returned to petitioner except those which were overlooked or those pertaining to depreciation. Mr. Watkins' work papers and schedules were retained by him. On November 11, 1971, while Mr.Watkins was in San Francisco, respondent's agents, acting pursuant to an administrative summons, entered Mr. Watkins' ranch and offices at Garberville and seized 22 file cabinets and cardboard boxes. Some of petitioners' records were among those seized. An inventory of the seized records was subsequently made by respondent's agents for the limited purpose of possible prosecution of Mr. Watkins. Certain records were microfilmed by respondent's agents, but apparently no complete record of all the documents was ever made by the respondent. On or about January 17, 1972, the seized records were returned to the custodian for the Ted Watkins Tax Service at the Garberville Ranch. Petitioners were later audited by the Internal Revenue Service along with other clients of Ted Watkins. Petitioners have previously refused to produce *115 their books and records to respondent's agents, relying on the Fourth and Fifth Amendments to the Constitution of the United States as their reason for not producing them. Only recently have the petitioners claimed that they did not have the books and records necessary to substantiate the business expenses and itemized deductions claimed on their Federal income tax return for 1969. The following table reflects the business expenses and depreciation claimed by petitioners as well as those allowed by respondent and those remaining in dispute: Business Expenses
Claimed
Allowed
on
by
Amount
Return
Respondent
In Dispute
Ice, Bait and Fuel
$ 1,300.84
$ 1,085.11 $ 215.73
Provisions
1,202.00
900.00
302.00
Gear and Maintenance
2,674.46
2,000.00
674.46
Utilities and Telephone
187.50
93.00
94.50
Dues, Port Expenses &
Travel
507.11
250.00
257.11
Depreciation
1,658.34
0
1,658.34
Taxes
290.66
75.00
215.66
Insurance
223.00
190.00
33.00
Legal and Professional
50.00
50.00
0
Interest
103.04
103.04
0
Dock Expenses
390.00
0
390.00
Headquarters Expenses
960.00
0
960.00
Totals
$ 9,546.95
$ 4,746.15
$ 4,800.80
*116 Petitioner is entitled to additional business expenses of $ 150 for fuel for the station wagon he used in his fishing business. Petitioner is entitled to additional business expenses of $ 150 for groceries used on the fishing vessel. Petitioner failed to substantiate an amount greater than (1) the $ 2,000 respondent allowed for gear and maintenance expense; (2) the $ 93 allowed by respondent for utilities and telephone; (3) the $ 250 allowed by respondent for dues, port expenses and travel; and (4) the $ 190 allowed by respondent for insurance. Petitioner used a building and shop in his business. They had a cost basis of $ 18,600. He used certain furniture and fixtures in his business workshop. Among other things they consisted of extensive lighting reconstruction, special workbenches, a drill press and three power wood and steel saws. They had a cost basis of $ 6,400. Petitioner purchased a 1967 Pontiac station wagon for $ 4,605.38 which he used almost entirely for business purposes. He also owned a wooden fishing boat, the F. V. Washington, which he bought in 1951 for $ 10,237.61. Petitioner is entitled to depreciation deductions in 1969 as follows: Property
Amount
Building & Shop
$ 517.00
Furniture & Fixtures
427.00
Station Wagon
585.48
Fishing Boat
128.86
*117 Petitioner is entitled to deduct an additional $ 215.66 for taxes paid on business property in 1969. Petitioner failed to prove the dock expenses of $ 390 for 1969. Petitioner is entitled to headquarters business expenses of $ 300 for 1969. Petitioners have failed to substantiate itemized deductions, totaling $ 1,007, claimed on their 1969 income tax return in any amount which would exceed the standard deduction ( $ 913) allowed by respondent. OPINION Petitioners take a three-pronged approach in their attempt to show why they should prevail with respect to the claimed business expenses and depreciation which remain in dispute. First, they contend that they met their burden of proof by offering the testimony of petitioner Harold Stewart as to the correctness of items shown on their Federal income tax return for 1969 when it was filed. Second, they contend that they met their burden of proof as to documentation when respondent's agents seized some of their substantiating documents from the Ted Watkins Tax Service. Third, they contend that since respondent acted with "unclean hands" and should be subject to the equitable defense of estoppel, the burden of disproving *118 the correctness of their return shifted to respondent when their records were seized, and respondent has failed to carry that burden. Respondent attacks all of these contentions as lacking merit, and asserts that there is no sound reason for the Court to allow business expenses and depreciation in excess of the amounts already allowed by him. Initially we observe that petitioners filed a prior motion for summary judgment based on the allegation that the notice of deficiency in this case was arbitrary, unreasonable and capricious. After hearing extensive testimony by several witnesses with respect to the circumstances surrounding the seizure and return of some tax returns and records of petitioners and other taxpayers which were in the possession of Ted Watkins, their tax preparer, or his custodian, Judge Irwin denied the motion for summary judgment in an order dated August 15, 1977. We have reviewed the record relating to the motion for summary judgment, and we are satisfied that petitioners' allegations, even if true, would not be violative of their rights under the Fourth and Fifth Amendments to the Constitution of the United States.See and compare United States v. Janis,428 U.S. 433 (1976); *119 Suarez v. Commissioner,58 T.C. 792 (1972); Shapiro v. Thompson,394 U.S. 618, 642 (1969). In addition, contrary to petitioners' contention, we think the record is insufficient to support the conclusion that respondent's actions were so unjustified as to fall within the ambit of Helvering v. Taylor,293 U.S. 507 (1935). This Court generally will not look behind a notice of deficiency to examine the evidence used, the propriety of respondent's motives or the administrative procedures involved in making his determinations. Greenberg's Express, Inc. v. Commissioner,62 T.C. 324, 327 (1974); Human Engineering Institute v. Commissioner,61 T.C. 61, 66 (1973). In our judgment the petitioners have failed to establish that respondent's determination is arbitrary and capricious, and that the burden of proof should be shifted to respondent. Figueiredo v. Commissioner,54 T.C. 1508, 1513 (1970), affd. by unpublished order (9th Cir. 1973). Therefore, we conclude that the burden of proof in this case rests with the petitioners. See Roberts v. Commissioner,62 T.C. 834, 835-839 (1974). *120 We reject petitioners' first contention that it is enough in these circumstances that Mr. Stewart testified as to correctness of his return when it was filed. This Court has previously held that such testimony is not sufficient to substantiate deductions claimed on an income tax return. Roberts v. Commissioner,supra at 839; Halle v. Commissioner,7 T.C. 245 (1946), affd. 175 F. 2d 500 (2d Cir. 1949). Petitioners also assert that they have not had access to their records since they were seized by respondent's agents. The evidence, however, indicates that only some of their records were seized, and, if they did not have access to them, the fault appears to be with either their tax return preparer or with themselves for not attempting to locate the records after they were returned to the custodian for Mr. Watkins from whom they were seized. In short, we think petitioners have failed to establish that the actions of respondent's agents, in seizing whatever records were in the possession of the Ted Watkins Tax Service, seriously affected their ability to substantiate the deductions claimed on their Federal income tax return for *121 1969. The attempt of petitioners to shift the burden of proof to respondent by relying upon the doctrine of estoppel must likewise be rejected. Any form of estoppel is an affirmative defense which must be properly pleaded. See Rule 39, Tax Court Rules of Practice and Procedure; Jefferson v. Commissioner,50 T.C. 963, 966-967 (1968), and the cases cited therein; Rose v. Commissioner,55 T.C. 28, 31-32 (1970). Petitioners have not alleged estoppel in any of their pleadings. Their first reliance upon the doctrine appears in their opening brief. They are too late. Moreover, we are unable to find on this record that respondent acted with "unclean hands." We perceive no fatal procedural irregularities as a result of respondent's seizure of their records pursuant to the administriative summons and the subsequent return of the records to the person from whom they were seized. In any event, the petitioner has failed to establish the necessary elements of estopel against the respondent. See 10 Mertens, Law of Federal Income Taxation, Sec. 60.02 (1976); Estate of Emerson v. Commissioner,67 T.C. 612, 617-618 (1977); Van Antwerp v. United States,92 F. 2d 871, 875 (9th Cir. 1937). *122 [2]
The factual issues here involve the substantiation of claimed business expenses and depreciation. We have made our findings of fact based primarily on the testimony of Harold Stewart. We have allowed some of the additional business expenses and depreciation deductions in dispute. We have used our best judgment under the particular facts and circumstances present in this case. In some instances we have applied the rule in Cohan v. Commissioner,39 F. 2d 540, 544 (2d Cir. 1930), bearing heavily against the petitioners for their inexactitude. It would serve no useful purpose for us to explain most of our findings, but the two largest items, depreciation ($ 1,658.34) and dock and headquarters expenses ($ 1,350), require some comment. In our opinion the respondent erred in not allowing any depreciation for the property used by the petitioner in the operation of his *123 commercial fishing business. It is clear from petitioner's testimony that his garage was used as a shop and that it and the furniture and fixtures therein are subject to depreciation. The same thing is true with respect to the fishing boat and station wagon. Furthermore, the amounts of depreciation claimed are reasonable. Most of the amounts claimed for "dock and headquarters" expenses were cash payments in the nature of promotional or entertainment expenditures. These were not substantiated as required by section 274(d) and the applicable regulations. However, we have allowed$ 300 as miscellaneous expenses. As indicated in our findings of fact, we hold that the petitioners are not entitled to itemized deductions in excess of the standard deduction allowed by respondent. To reflect our conclusions with respect to the disputed issues, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. We note the judicial sentiment expressed in United States v. Saladoff,233 F. Supp. 255, 257↩ (E.D. Pa. 1964): "Although an estoppel may be worked against the government in certain limited circumstances, the principle should be applied sparingly with caution and restraint."