VIVIAN N. WATKINS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Watkins v. Commissioner
Docket No. 134-73.
United States Tax Court
T.C. Memo 1978-403; 1978 Tax Ct. Memo LEXIS 110; 37 T.C.M. (CCH) 1671; T.C.M. (RIA) 78403; October 10, 1978, Filed Earl G. Stokes, for the petitioner William E. Saul, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows: Addition to Tax Year
Deficiency
Sec. 6651(a)
Sec. 6653(a) [1]
1965
$ 866.63
$ 216.66
$ 43.33
1966
720.00
180.00
36.00
1967
869.64
217.41
43.48
1968
972.27
243.06
48.61
The issues presented for our decision are: (1) Whether petitioner can invoke alleged equity considerations to *111 attack the presumption of correctness which attaches to respondent's notice of deficiency and satisfy her burden of proof by presenting oral testimony that her Federal income tax returns for the years 1965 through 1968 were true and correct; (2) whether petitioner has properly placed in issue any of the adjustments set forth in respondent's notice of deficiency and, if so, whether she has offered any credible evidence to substantiate her allegations; (3) whether petitioner is liable for additions to tax under section 6651(a) for failure to file timely income tax returns for the years 1965 through 1968; and (4) whether petitioner is liable for additions to tax under section 6653(a) because of negligence or intentional disregard of rules and regulations. FINDINGS OF FACT Some facts were orally stipulated at the trial and are so found.
Vivian N. Watkins (petitioner) was a resident of Carson City, Nevada, when she filed her petition in this case. Her Federal income tax returns for the years 1965, 1966, 1967, and 1968 were filed late on or after October 1, 1969, with the Internal Revenue Service Center at Ogden, Utah. During the years involved herein the petitioner and her brother, *112 Theodore A. Watkins, and Armand Turley were partners in a business named the Pine Ridge Lodge Partnership, which operated a facility on the Star Route, Mendocino, California, known as the Pine Ridge Lodge. The business venture produced income for the petitioner from two sources: (1) the preparation of tax returns under the name of Ted Watkins Tax Service and (2) the operation of the Pine Ridge Lodge which served food and drinks and provided a place for lodging and dancing. Each year the business was engaged in the preparation of tax returns from January 2 through April 15. The lodge would then be cleaned and restocked. It would open for business about the middle of May and would remain open 7 days per week through December 31. The lodge had the capability of catering parties with as many as 150 persons. The tax return preparation services were provided to hundreds of taxpayers throughout Northern California. These clients included farmers, lumbermen and fishermen. Many of them were unsophisticated taxpayers who relied upon the tax preparers to set up their books and advise them as to what records they should keep.
Petitioner, who worked closely with her brother, Ted Watkins, *113 prepared tax returns for some of the clients and also kept their books. Some of the books and records were kept at the Pine Ridge Lodge. During the tax preparation season it was customary for the taxpayers to come to the lodge. They would sign in and take their turn having their tax returns prepared. While waiting they would be provided with food and coffee. It was the practice of the Ted Watkins Tax Service to keep copies of the returns which were prepared. All of the petitioner's personal tax records, including her Federal income tax returns, the supporting documentation, the depreciation schedules and the work papers, were kept at the lodge. Prior to November 11, 1971, the business records of the tax preparation service and petitioner's personal records were transferred to a cabin near the lodge known as the Allendar Cabin. From the middle of September 1970 through February 1971, the Garberville Ranch, which included the Allendar Cabin, belonged to and was in the possession of one Yvonne Stull. The cabin was padlocked by William Bushnell, an agent of Yvonne Stull's attorney, James R. Nielsen. Pursuant to an administrative summons, agents of the Internal Revenue *114 Service entered the ranch and offices at Garberville and seized various file cabinets and cardboard boxes. Petitioner's records were among those seized. An inventory of the seized records was subsequently made by respondent's agents for the purpose of a possible fraud prosecution of Mr. Watkins and the petitioner. Certain records were microfilmed by respondent's agents, but apparently no complete record of all the documents was ever made by the respondent. On or about January 17, 1972, the seized records were returned by respondent's agents to the custodian for the Ted Watkins Tax Service. Petitioner never attempted to contact the owner of the property on which the records were located or her attorney in order to have the records returned. Later deficiencies against the petitioner were determined by respondent. Petitioner, along with other taxpayers whose records were seized, filed a motion for summary judgment with this Court. At the hearing on the motion on April 26, 1977, the Court ordered respondent to make copies of all microfilmed items pertaining to petitioner and to furnish them to her. On or about July 19, 1977, respondent's counsel furnished petitioner with copies *115 of records in his possession. These items did not include copies of her Federal income tax returns for the years in issue or the partnership returns for the Pine Ridge Lodge which were furnished to her on January 26, 1978, a few days after they were requested. During the years in issue the petitioner lived and worked at the Pine Ridge Lodge.She took all of her meals at the lodge. Petitioner and the partnership to which she belonged made no allocation for food consumed by the partners from the cost of goods sold in the Pine Ridge Lodge partnership. Petitioner worked long hours 7 days a week when the lodge was in operation. The lodge consisted of 10,000 square feet. It included all of the equipment necessary to seat and serve meals to as many as 150 persons. No portion of the lodge was used exclusively by the petitioner, although about one-half of it was available for the personal use of petitioner and her partners at any given time. During the part of the year devoted to the preparation of tax returns the lanai and dining room were used as the work and waiting areas, respectively. In that part of the year when the lodge was in operation, the upper floor, consisting of a *116 large room with a stage and bar, a dining room, akitchen and restrooms, was open to the public, and the lower floor, consisting of 8 rooms, was occupied by the partners and the tax service offices. The partnership owned a truck and a car. Petitioner failed to establish that there was no personal use of the vehicles. She offered no evidence as to their cost or how they were used. In 1968 the petitioner recognized her personal use of the vehicles by claiming a gasoline tax deduction. Petitioner failed to prove that the Pine Ridge Lodge partnership paid interest in the amount of $ 2,500 for each of the years 1965 through 1968 on an alleged indebtedness to Lucy Watkins, her mother. There is no evidence of a purchase money note for property allegedly transferred to petitioner and her brother. In his notice of deficiency dated September 29, 1972, addressed to the petitioner, the respondent set forth the following explanations for the adjustments made to the income of the Pine Ridge Lodge partnership: a) The deduction for cost of goods sold is decreased by $ 4,800.00, the estimated cost of food, maintenance, fuel and utilities consumed by the partners for personal use in each *117 of the years 1965, 1966, 1967 and 1968.
b) The deduction of $ 2,500.00 claimed for interest paid to L. Watkins in each of the years 1965, 1966, 1967 and 1968 is disallowed because it has not been established that this represents interest paid on a bona fide indebtedness. c) It is determined that the lodge building, equipment, truck and auto were used for personal use by the partners to the extent of 50 per cent. It is determined also that the useful life of the vehicles is eight years and useful life of the equipment is ten years. Depreciation expense claimed by the partnership is overstated in the amounts of $ 5,498.14, $ 6,720.40, $ 5,730.13, and $ 5,025.73 for the years 1965, 1966, 1967 and 1968 respectively as shown in Exhibit B attached, and is adjusted accordingly. d) It is determined that real estate taxes claimed in the amount of $ 600 in each of the years 1966, 1967 and 1968 is attributable to the portion of the property used for personal use, and is therefore not deductible as a partnership business expense. Partnership income is increased accordingly. Petitioner's distributive share of the corrected income of the Pine Ridge Lodge partnership was determined by *118 respondent to be the following: Year
Amount
1965
$ 4,659.78
1966
1,707.36
1967
4,103.71
1968
4,707.31
ULTIMATE FINDINGS OF FACT 1. Respondent's determination of income tax deficiencies for the years 1965 through 1968 was not arbitrary or capricious. 2.Petitioner has failed to prove that any part of respondent's determination is erroneous. 3. Petitioner's Federal income tax returns for the years 1965 through 1968 were not filed within the time provided by law and she has not shown that the failure to file timely returns was due to reasonable cause. 4. A part of petitioner's underpayment of tax for the years 1965 through 1968 was due to negligence or intentional disregard of rules and regulations. OPINION Petitioner makes three arguments in her effort to show why she should prevail in this case. First, she contends that she met her burden of proof by offering testimony as to the correctness of items reported on her untimely filed Federal income tax returns for the years 1965 through 1968. Second, she contends that she met her burden of proof as to documentation when respondent's agents seized some of her substantiating documents from the *119 Ted Watkins Tax Service. Third, she contends that since respondent acted with "unclean hands" and should be subject to the equitable defense of estoppel, the burden of disproving the correctness of the returns shifted to respondent when her records were seized, and respondent has failed to carry that burden. Respondent attacks all of these contentions as lacking merit, and asserts that the petitioner has failed to carry her burden of proving errors in respondent's determination. Initially we observe that the petitioner filed a prior motion for summary judgment based on the allegation that the notice of deficiency in this case was arbitrary, unreasonable and capricious. After hearing extensive testimony by several witnesses with respect to the circumstances surrounding the seizure and return of various books and records of petitioner and other taxpayers which were in the possession of Ted Watkins or his custodian, Judge Irwin denied the motion for summary judgment in an order dated August 15, 1977. We have reviewed the record relating to the motion for summary judgment, and we are satisfied that petitioner's allegations, even if true, would not be violative of her rights under *120 the Fourth and Fifth Amendments to the Constitution of the United States. See and compare United States v. Janis,428 U.S. 433 (1976); Suarez v. Commissioner,58 T.C. 792 (1972); Shapiro v. Thompson,394 U.S. 618, 642 (1969). In addition, contrary to petitioner's assertion, we think the record is insufficient to support the conclusion that respondent's actions were so unjustified as to fall within the ambit of Helvering v. Taylor,293 U.S. 507 (1935). This Court generally will not look behind a notice of deficiency to examine the evidence used, the propriety of respondent's motives or the administrative procedures involved in making his determinations. Greenberg's Express, Inc. v. Commissioner,62 T.C. 324, 327 (1974); Human Engineering Institute v. Commissioner,61 T.C. 61, 66 (1973). In our judgment the petitioner has failed to establish that respondent's determination is arbitrary and capricious, and that the burden of proof should be shifted to respondent. Figueriedo v. Commissioner,54 T.C. 1508, 1513 (1970), affd. by unpublished order (9th Cir. 1973). *121 Therefore, we conclude that the burden of proof in this case rests with the petitioner. See Roberts v. Commissioner,62 T.C. 834, 835-839 (1974). We reject petitioner's first contention that it is enough in these circumstances that she testified as to the correctness of her tax returns when they were filed. This Court has previously held that such testimony is not sufficient to sustain adjustments to income and to substantiate deductions claimed on income tax returns. Roberts v. Commissioner,supra at 839; Halle v. Commissioner,7 T.C. 245 (1946), affd. 175 F. 2d 500 (2d Cir. 1949). She also asserts that she did not have access to her records after they were seized by respondent's agents. The evidence, however, shows that her records were returned to the person from whom they were seized. Petitioner did nothing to obtain the return of her records, although she apparently felt harmed by their seizure. Moreover, she chose not to use the microfilmed copies of the records furnished to her by the respondent in the presentation *122 of her case. In short, we think the petitioner has failed to establish that the actions of respondent's agents, in seizing any of her records from the Ted Watkins Tax Service, seriously affected her ability to contest the adjustments made by respondent to the income of the Pine Ridge Lodge partnership. Petitioner's attempt to shift the burden of proof to respondent by relying upon the doctrine of estoppel must likewise be rejected. Any form of estoppel is an affirmative defense which must be properly pleaded. See Rule 39, Tax Court Rules of Practice and Procedure; Jefferson v. Commissioner,50 T.C. 963, 966-967 (1968), and the cases cited therein; Rose v. Commissioner,55 T.C. 28, 31-32 (1970). Petitioner has not alleged estoppel in any of her pleadings. Her first reliance upon the doctrine appears in the opening brief. It is untimely.Furthermore, we are unable to find on this record that respondent acted with "unclean hands." We perceive no fatal procedural irregularities as a result of respondent's seizure of petitioner's records pursuant to the *123 administrative summons and the subsequent return of the records to the person from whom they were seized. In any event, the petitioner has failed to establish the necessary elements of estoppel against the respondent. See 10 Mertens, Law of Federal Income Taxation, Sec. 60.02 (1976); Estate of Emerson v. Commissioner,67 T.C. 612, 617-618 (1977); Van Antwerp v. United States,92 F. 2d 871, 875 (9th Cir. 1937). [2]
The petitioner made no specific assignments of error in her petition with respect to any of the adjustments made by respondent in his notice of deficiency. Under Rule 34(b)(4), Tax Court Rules of Practice and Procedure, any issue not raised in the assignments of error shall be deemed conceded. Notwithstanding this defect, we find that the petitioner's *124 testimony at the trial of this case failed to controvert the allocations between partnership business expenses and personal expenses which respondent made in his notice of deficiency. If anything, such testimony tended to corroborate respondent's adjustments. We therefore sustain the determination of respondent. Section 6651(a)(1) provides that an addition to tax will be imposed unless petitioner shows that the late filing of her income tax returns was due to reasonable cause. Petitioner bears the burden of proof on this issue. Fischer v. Commissioner,50 T.C. 164, 177 (1968). She testified that her returns for all 4 years (1965 through 1968) were filed late, i.e., on or after October 1, 1969. Since she presented no explanation for the late filing of the returns, we hold that she has failed to carry her burden of proof and is liable for the additions to tax. Section 6653(a) provides for an addition to tax of 5 percent of the "underpayment" where any part of such underpayment *125 is due to negligence or intentional disregard of rules and regulations. Petitioner bears the burden of proof on this issue. Marcello v. Commissioner,43 T.C. 168, 182 (1964), affd. 380 F. 2d 499 (5th Cir. 1967). The admitted failure of petitioner to make any allocation on her returns for personal items provided to her by the Pine Ridge Lodge Partnership establishes that the returns were prepared negligently and with an intentional disregard of reespondent's rules and regulations, especially in view of her assumed knowledge of the Federal tax law as a tax return preparer. In addition, the claimed deduction on the partnership return of $ 2,500 each year for an alleged interest expense without any substantiation was negligent. Accordingly, we hold that the petitioner is liable for the additions to tax under section 6653(a). Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, unless otherwise indicated.↩
2. We note the judicial sentiment expressed in United States v. Saladoff,233 F. Supp. 255, 257↩ (E.D. Pa. 1964): "Although an estoppel may be worked against the government in certain limited circumstances, the principle should be applied sparingly with caution and restraint."