T.C. Summary Opinion 2002-67


UNITED STATES TAX COURT


WAYLON D. ARY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6466-01S.                    Filed June 10, 2002.


Waylon D. Ary, pro se.

<u>J. Anthony Hoefer</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time that the petition was filed.[1]  The decision to
be entered in this case is not reviewable by any other court, and
this opinion should not be cited as authority.

Respondent determined a deficiency in petitioner's Federal

_____

[1] All subsequent section references are to the Internal
Revenue Code in effect for 1998, the taxable year in issue.

income tax for the taxable year 1998 in the amount of $1,610.

The issues for decision by the Court are as follows:

(1) Whether petitioner is entitled to deductions for dependency exemptions for his two youngest sons.  We hold that he is not.

(2) Whether petitioner is entitled to a child tax credit in respect of his two youngest sons.  We hold that he is not.

Background

Most of the facts have been stipulated, and they are so found.  Petitioner resided in Dysart, Iowa, at the time that his petition was filed with the Court.

Petitioner and Sarah Jill Ary (Ms. Ary) were married in August 1989.  The couple had three children, all boys.  The youngest two, Corey Matthew and Danan Lee, were born in August 1990 and September 1995, respectively.

By the mid-1990s, petitioner and Ms. Ary began to experience marital difficulties.  The couple separated in 1996, and divorce proceedings were commenced by Ms. Ary.

In May 1997, the District Court for Benton County, Iowa (the Iowa State court) issued a decree dissolving the marriage between petitioner and Ms. Ary.  The decree included the following provisions dealing with support and custody:

(1) Insofar as spousal support was concerned, the Iowa State court did not award alimony to either party, apparently because both parties were employed and earning approximately the same hourly wage.

(2) Insofar as custody was concerned, the Iowa State court granted the parties joint legal custody of their three minor children; however, the Iowa State court awarded Ms. Ary primary physical custody of the children, subject to reasonable and liberal visitation rights by petitioner.

(3) Insofar as child support was concerned, the Iowa State court ordered petitioner to pay a total of $648.38 per month for the support of the parties' three children.

Finally, the Iowa State court's decree included the following provision dealing with tax deductions for dependency exemptions:

> Tax Dependency:  For the purpose of income tax, if [petitioner] is current on his support obligation under this Decree as of December 31 of any year beginning with the 1997 tax year, [petitioner] is entitled to claim the two youngest children as dependents for income tax purposes * * * .

For 1998, the taxable year in issue, Ms. Ary had physical custody of Corey and Danan for more than half of the year.

For 1998, petitioner timely paid his child support obligation through payroll withholding by his employer for each of the months of that year.

Petitioner timely filed a U.S. Individual Income Tax Return, Form 1040A, for 1998. On his return, petitioner designated his filing status as "single", and he claimed (1) deductions for dependency exemptions for Corey and Danan and (2) an $800 child tax credit in respect of Corey and Danan. Petitioner did not attach to his return Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, or any other declaration or statement from Ms. Ary agreeing not to claim exemptions for Corey and Danan on her return for the year in issue. In this regard, petitioner testified that Ms. Ary expressly refused to sign any such form, declaration, or statement.

At trial, petitioner testified that he thinks Ms. Ary claimed Corey and Danan as dependents on her income tax return for 1998.

Discussion[2]

A. Deductions for Dependency Exemptions

Section 151(a) authorizes deductions for the exemptions provided by that section. In particular, section 151(c)(1) provides an exemption for each of a taxpayer's dependents as defined in section 152.

Section 152(a)(1) defines the term "dependent" to include a

---

[2] We decide the issues in this case without regard to the burden of proof. Accordingly, we need not decide whether the general rule of sec. 7491(a)(1) is applicable in this case. See Higbee v. Commissioner, 116 T.C. 438 (2001).

taxpayer's child, provided that more than half of the child's support was received from the taxpayer or is treated under section 152(e) as received from the taxpayer.

In the case of a child of divorced parents, section 152(e)(1) provides as a general rule that the child shall be treated as receiving over half of his or her support from the custodial parent. In the event of so-called split or joint custody, "'custody' will be deemed to be with the parent who, as between both parents, has the physical custody of the child for the greater portion of the calendar year." Sec. 1.152-4(b), Income Tax Regs. Thus, in the present case, Ms. Ary was the custodial parent of Corey and Danan in 1998, and petitioner was the noncustodial parent.

Section 152(e)(2) provides an exception to the general rule of section 152(e)(1). Pursuant to that exception, the child shall be treated as receiving over half of his or her support from the noncustodial parent if:

> (A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

> (B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.[3]

---

[3] A second exception to the general rule of sec. 152(e)(1) exists for certain pre-1985 instruments. See sec. 152(e)(4). Pursuant to that exception, a child of divorced parents shall be
(continued...)

See sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed.
Reg. 34459 (Aug. 31, 1984).

The declaration required by section 152(e)(2)(A) must be
made on either Form 8332 or on a statement conforming to the
substance of that form.  Id.; Miller v. Commissioner, 114 T.C.
184, 189 (2000).  "The exemption may be released for a single
year, for a number of specified years (for example, alternate
years), or for all future years, as specified in the
declaration."  Sec. 1.152-4T(a), Q&A-4, Temporary Income Tax
Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).

In the present case, Ms. Ary, as the custodial parent, did
not sign Form 8332 or any written declaration or statement
agreeing not to claim exemptions for Corey and Danan, and no such
form, declaration, or statement was attached to petitioner's
return for the year in issue.  It follows, therefore, that the

---

[3](...continued)
treated as receiving over half of his or her support from the
noncustodial parent if:

> (i) a qualified pre-1985 instrument between the
> parents * * * provides that the noncustodial parent
> shall be entitled to any deduction allowable under
> section 151 for such child, and

> (ii) the noncustodial parent provides at least
> $600 for the support of such child during such calendar
> year.

In view of the fact that petitioner and Ms. Ary were married
in 1989, separated in 1996, and divorced in 1997, this second
exception does not apply to the present case.  Sec.
152(e)(4)(B)(i).

exception set forth in section 152(e)(2) does not apply and that the general rule of section 152(e)(1) does apply. Accordingly, petitioner is not entitled to deductions for dependency exemptions for Corey and Danan for 1998. Sec. 152(e)(1); Miller v. Commissioner, supra.

Petitioner contends that he should be entitled to exemptions for Corey and Danan because the Iowa State court awarded him the right to claim such exemptions, at least if he was current on his support obligation under the decree, which he was for 1998. The short answer to petitioner's contention is that a State court cannot determine issues of Federal tax law. Miller v. Commissioner, supra at 196. In this regard, section 152(e) defines the manner in which a noncustodial parent may claim an exemption for a child, and the provisions of that section control.

Petitioner also contends that Ms. Ary would not release her claim to exemptions for Corey and Danan by executing Form 8332 or an equivalent declaration or statement. That may be so. However, such refusal does not serve to change the express requirements of section 152(e)(2). See Miller v. Commissioner, supra at 196, where we stated:

> The control over a child's dependency exemption conferred on the custodial parent by section 152(e)(2) was intended by Congress to simplify the process of determining who is entitled to claim dependency exemptions for children of a marriage. See H. Rept. 98-432 (Part 2), at 1498 (1984). To make section

152(e)(2) work as intended, that control must be preserved by insisting on adherence to the requirements of section 152(e)(2) * * *.

Finally, petitioner alleges that an IRS representative advised him that he could claim exemptions for Corey and Danan based on the Iowa State court's decree. However, with exceptions not applicable to this case,[4] the Commissioner is not bound by erroneous legal advice given by his agents. <u>Dixon v. United States</u>, 381 U.S. 68, 72-73 (1965); <u>Auto. Club of Mich. v. Commissioner</u>, 353 U.S. 180, 183-184 (1957); <u>McGuire v. Commissioner</u>, 77 T.C. 765, 779-780 (1981). In other words, taxpayers are required to heed, and we are required to give effect to, the law as actually enacted by Congress and not the law as it may be misinterpreted by agency representatives.

In view of the foregoing, we sustain respondent's determination on this issue.

B. Child Tax Credit

Section 24(a) authorizes a $400 child tax credit with respect to each "qualifying child" of the taxpayer. The term "qualifying child" is defined in section 24(c). As relevant herein, a "qualifying child" means an individual with respect to whom the taxpayer is allowed a deduction under section 151. Sec. 24(c)(1)(A).

---

[4] See, e.g., sec. 6404(f); <u>Estate of Emerson v. Commissioner</u>, 67 T.C. 612, 618 (1977).

We have already held that petitioner is not entitled to deductions under section 151 for dependency exemptions for his two youngest sons. Accordingly, neither of petitioner's two youngest sons is a "qualifying child" within the meaning of section 24(c). It therefore follows that petitioner is not entitled to a child tax credit under section 24(a) in respect of either such son.

Reviewed and adopted as the report of the Small Tax Case Division.

To give effect to our disposition of the disputed issues,

<u>Decision will be entered</u>

<u>for respondent.</u>