T.C. Memo. 2002-210


UNITED STATES TAX COURT


W. RICHARD MORGAN AND JANICE J. MORGAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10641-00L.                    Filed August 20, 2002.


<u>Lori J. Sellers</u> and <u>Michael C. Phillips</u>, for petitioners.

<u>Michael L. Boman</u>, for respondent.


MEMORANDUM OPINION

COHEN, <u>Judge</u>:  The within proceeding was commenced in
response to a Notice of Determination Concerning Collection
Action(s) Under Section 6320 and/or 6330.  We must decide whether
respondent should be permitted to levy on petitioners' assets to
collect a tax liability owed by petitioners for 1983.  Unless

otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.

## Background

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners resided in Raymore, Missouri, at the time they filed their petition. Assessments were made against petitioners for Federal income tax for 1981, 1982, and 1983; the assessments were related to petitioners' investments in the early 1980's in tax shelter activities.

Petitioners filed for bankruptcy on July 29, 1994. The Internal Revenue Service (IRS) filed a proof of claim in the bankruptcy case for 1981, 1982, and 1983 Federal income taxes. Petitioners objected to the IRS proof of claim related to the 1983 tax liability in the bankruptcy case but later withdrew that objection.

On December 22, 1994, the Bankruptcy Court granted petitioners a discharge. Petitioners' tax liability for 1981 and 1982 was not discharged in the bankruptcy. Petitioners' tax liability for 1983 was discharged in the bankruptcy, but the discharge does not prevent the collection of the 1983 liability from property that was exempt from the bankruptcy estate. Petitioners were aware that the IRS retained the right to levy on their exempt assets. Petitioners' withdrawal of their objection

to the proof of claim of the IRS for the 1983 tax liability stated:

> 3.  The Debtors [Morgans] and the United States agree that, notwithstanding the fact that the underlying debt is dischargeable for the 1983 tax year, a federal tax lien filed by the Internal Revenue Service encumbers all of the Debtors' property, including any exempt property, to the extent it exists.
> * * *

The only asset that petitioners had that was exempt from the discharge order was the pension plan of petitioner W. Richard Morgan (petitioner).

In the bankruptcy proceedings, petitioners were represented by an attorney.  Petitioners were also represented by a tax attorney with respect to their 1981, 1982, and 1983 income tax liabilities.  Petitioners' tax attorney had been engaged in the practice of tax law since 1959 and had experience in tax controversies and transactions planning.  Petitioners' tax attorney had reviewed the law, regulations, and procedures on installment agreements.

In March 1995, petitioners submitted an offer-in-compromise to the IRS, which was later rejected.  After the rejection of the offer-in-compromise, petitioners' delinquent tax accounts were assigned to Revenue Officer Elizabeth Cooper (Cooper).  Between July 1997 and May 1998, Cooper advised petitioners' attorney on numerous occasions that petitioners needed to commence monthly payments immediately while petitioners prepared a second offer-

in-compromise.  In May 1998, Cooper issued a wage levy to
petitioner's employer.

On May 19, 1998, Cooper mailed to petitioners' attorney a
letter regarding the submission of another offer-in-compromise
and establishing an installment agreement.  The letter also
stated:  "regarding the 1983 [tax liability], Special Procedures
Branch is in the process of getting it abated".  Cooper's
representation was based on her knowledge that the 1983 tax
liability was discharged in bankruptcy, her lack of knowledge
that the pension plan was an exempt asset in the bankruptcy, and
her communications with the Special Procedures Branch that told
her that 1983 would be abated.

At the time of the installment agreement, Cooper believed
that there would be no levies and no collection for 1983.  An
installment agreement for 1981 and 1982 was executed by
petitioners on May 27, 1998, and on behalf of respondent on
June 4, 1998.  The amount owed under the installment agreement
was $499,710.73, and the agreement required payments of $1,000
per month.  There was no provision regarding 1983 in the
installment agreement.

The installment agreement was meant to be an interim
situation until petitioners could submit another offer-in-
compromise.  In June 1998, Cooper advised petitioners' attorney
to have petitioners send money directly to her until 1983 could

be abated and the installment agreement could be entered into the computer records. By entering into the installment agreement, petitioners were able to secure release of the wage levy. Petitioners have continued to make payments of $1,000 per month under the installment agreement.

During the summer of 1998, Cooper continued to have discussions with the Special Procedures Branch concerning the abatement of the 1983 tax liability and the pension plan. On August 17, 1998, Special Procedures instructed Cooper to obtain additional information regarding the pension plan. On September 11, 1998, petitioners' attorney forwarded the pension plan information and an attached letter to Cooper. The letter from petitioners' attorney explained his understanding of the effect of the installment agreement, which was that the IRS would not commence additional collection procedures so long as the Morgans complied with the terms of the installment agreement.

Petitioners were sent a Final Notice of Intent to Levy and Notice of Your Right to a Hearing on December 27, 1999. The taxes owed with penalties and interest, as set forth in the final notice, were $360,629.03, $309,937.93, and $379,581.83, for 1981, 1982, and 1983, respectively. Petitioners filed a Request for a Collection Due Process Hearing on January 26, 2000. The hearing was held in or about September 2000. At the hearing, petitioners argued that the 1983 tax was discharged in bankruptcy and that

the IRS was precluded from levy while an installment agreement was in effect.

The notice of determination was mailed to petitioners on September 15, 2000, in which the Appeals officer determined that the IRS may enforce by levy the 1983 tax lien against assets that were exempt from the bankruptcy. The determination also stated that, as long as petitioners comply with the terms of the installment agreement, there would be no collection or levies to collect taxes owing for 1981 and 1982.

## Discussion

Petitioners contend that they entered into the installment agreement for 1981 and 1982 based on the representation by the IRS that taxes owed for 1983 would be abated, and, therefore, there would be no levy action while the installment agreement was in effect. Petitioners argue that, absent the representation by the IRS, they would have included the 1983 tax liabilities in the installment agreement. Petitioners' position is that the IRS is estopped from levying on petitioners' assets for the 1983 tax liability while the installment agreement is in effect.

The amount of the tax liability is not in dispute in this case; thus, we shall review respondent's administrative determination for an abuse of discretion. Goza v. Commissioner, 114 T.C. 176, 182 (2000). Equitable estoppel is a judicial doctrine that precludes a party from denying its own

representations which induced another to act to his or her detriment. <u>Hofstetter v. Commisioner</u>, 98 T.C. 695, 700 (1992). This Court has recognized that estoppel is applied against the Commissioner "with the utmost caution and restraint." <u>Id.</u>; <u>Kronish v. Commissioner</u>, 90 T.C. 684, 695 (1988); <u>Boulez v. Commissioner</u>, 76 T.C. 209, 214-215 (1981), affd. 810 F.2d 209 (D.C. Cir. 1987); <u>Estate of Emerson v. Commissioner</u>, 67 T.C. 612, 617 (1977). The taxpayer must establish the following elements before equitable estoppel will be applied against the Government: (1) A false representation or wrongful, misleading silence by the party against whom the estoppel is claimed; (2) an error in a statement of fact and not in an opinion or statement of law; (3) the taxpayer's ignorance of the true facts; (4) the taxpayer's reasonable reliance on the acts or statements of the one against whom estoppel is claimed; and (5) adverse effects suffered by the taxpayer from the acts or statements of the one against whom estoppel is claimed. <u>Norfolk S. Corp. v. Commissioner</u>, 104 T.C. 13, 60 (1995), affd. 140 F.3d 240 (4th Cir. 1998).

Estoppel requires a finding that the taxpayer relied on the Government's representations and suffered a detriment because of that reliance. <u>Id.</u> The Court of Appeals for the Eighth Circuit, to which this case is appealable, has also held that estoppel

- 8 -

against the Government also requires a showing of "affirmative misconduct".  Rowden v. Warden, 89 F.3d 536, 537 (8th Cir. 1996).

Petitioners present their estoppel case as follows: (1) Cooper made false representations to petitioners when she represented that the tax liabilities for 1983 would be abated and that there would be no more levies if petitioners signed the installment agreement; (2) Cooper's representations were misstatements of fact, not of law; (3) petitioners believed that the IRS was going to abate the tax liability for 1983, and, thus, there would be no levies or collection so long as the installment agreement was in effect; (4) petitioners entered into the installment agreement for the 1981 and 1982 tax liabilities based on their reliance on the representations of Cooper; and (5) petitioners relied on Cooper's statements to their detriment because, absent the representation, petitioners would have included 1983 in the installment agreement and there would be no levy on the pension plan assets.  Respondent argues that petitioners have not satisfied the traditional requirements of estoppel, much less shown affirmative misconduct, because there was no reasonable reliance and no detriment to petitioners.

Petitioners' claim of reliance on Cooper's statements is not reasonable.  Petitioners were aware that, even though the 1983 tax liability was discharged in bankruptcy, the IRS retained the right to levy on their exempt assets and that there was a lien

attached to the pension plan assets.  Petitioners were represented by an attorney in bankruptcy and were also represented by a tax attorney in their dealings with the IRS. Petitioners' attorney knew that 1983 was not included in the installment agreement and also knew that the IRS retained a right to levy the pension plan assets for the 1983 tax liability.  The knowledge of petitioners' attorney is imputed to them.  See Nolte v. Commissioner, T.C. Memo. 1995-57, affd. 99 F.3d 1146 (9th Cir. 1996).

Petitioners have not suffered a detriment as a result of executing the installment agreement.  Petitioners' claim only that they would have included the 1983 tax year in the installment agreement if they had known that the 1983 liability was not going to be abated, and, thus, the IRS would not be allowed to levy on petitioners' pension plan assets because petitioners have not defaulted on their installment agreement.

In Nolte v. Commissioner, supra, the taxpayer had been erroneously advised that his account had been paid in full.  The taxpayer alleged that the existence of a deficiency and interest was a detriment.  The Court held that the taxpayer would owe the deficiency whether or not respondent made the misstatement.

Petitioners have been paying $1,000 per month on a tax liability that they are legally obligated to pay.  See Hudock v. Commissioner, 65 T.C. 351, 364 (1975) (making payments on a

legally due tax does not constitute detrimental reliance).
Petitioners have the ability to withdraw from the installment
agreement at any time. The monthly payment does not even cover
the interest accruing on their liabilities. Rather than a
detriment, petitioners have received the benefit of a favorable
installment agreement for 1981 and 1982, a release of the wage
levy, and a delay in the collection of their 1983 tax liability
for several additional years. An agent's promise to abate or not
collect the tax does not create a legal right. See United States
v. Asmar, 827 F.2d 907, 915 (3d Cir. 1987) (no detriment where a
taxpayer is not legally entitled to benefit from an agent's
promise not to collect).

In another case commenced by petitioners that related to the
collection of their tax liabilities, Morgan v. United States, 89
AFTR 2d 2002-1501, 2002-1 USTC par. 50,416 (W.D. Mo. 2001), the
District Court held that petitioners could not rely upon the oral
representations of Cooper to vary the terms of their installment
agreement. In that case, petitioners maintained that Cooper had
represented to them that "the IRS would not take further
collection efforts so long as Plaintiffs remained current on
their payments." Id. The IRS applied an overpayment from 1999
to petitioners' total unpaid account. The District Court granted
summary judgment for the Government, noting that the Government
had the right to retain the refund with or without the agreement,

so petitioners suffered no prejudice.  The same rationale applies here.

We conclude that respondent's determination was not an abuse of discretion.  We sustain respondent's administrative determination to proceed with collection of the 1983 tax liability.

<u>Decision will be entered</u>

<u>for respondent.</u>