T.C. Summary Opinion 2004-53


UNITED STATES TAX COURT


LARRY E. AND BARBARA L. ANDRA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20242-02S.                    Filed May 11, 2004.


Larry E. Andra, pro se.

<u>Wesley F. McNamara,</u> for respondent.


COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to section 7463 of the Internal Revenue Code in effect
at the time the petition was filed.[1]  The decision to be entered

---

[1]  Unless otherwise indicated, subsequent section
references are to the Internal Revenue Code in effect for the
year at issue.  Rule references are to the Tax Court Rules of
Practice and Procedure.

is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $1,100 in petitioners' Federal income tax for the year 2000.

At the time the petition was filed, petitioners' legal residence was Preston, Idaho.

Petitioners filed a Federal income tax return for the year 2000 that showed a tax liability of $5,231, an estimated penalty of $42, and a withholding credit of $777. Petitioners did not pay the $4,496 balance at the time they filed their return. During the year 2000, petitioners received an early distribution from an individual retirement account (IRA) in the amount of $4,402. Petitioners did not include the $4,402 as income on their tax return. After being contacted by the collection division of the Internal Revenue Service, petitioners made arrangements to pay their tax liability in a series of installments. Petitioners contend that, in their negotiations for the installment arrangement, it was their understanding that the income tax due on the IRA was included in the total amount they were to pay to the Internal Revenue Service. The sole issue, therefore, is whether petitioners paid the $1,100 deficiency, which is the tax due on the IRA distribution they received during the year 2000. Respondent agrees that, except for the $1,100 attributable to the IRA, the taxes, including

interest and penalties, on the income reported by petitioners on their 2000 return have been paid. Petitioners agree that the IRA distribution was includable in gross income.

Contrary to this Court's Rules of Practice and Procedure, the parties did not file with the Court a written stipulation of facts. Rule 91. Nonetheless, respondent offered into evidence at trial the necessary documentary information upon which the Court makes its findings of fact and opinion. The facts, as recited, are not in dispute, except petitioners' contention that payments they made to the Internal Revenue Service included the tax on the pension distribution upon which the notice of deficiency is based.

The pension plan distribution was evidenced by the issuance by the payor of a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., filed with the Internal Revenue Service. As noted, petitioners acknowledge receipt of the proceeds of the distribution.

Sometime after petitioners filed their 2000 income tax return, they were contacted by collection agents of the Internal Revenue Service relative to the unpaid tax shown on their 2000 tax return as well as unpaid tax for their 2001 tax year. Although petitioners contend that the matter of the IRA distribution was discussed, and they understood that their

installment agreement included payment of the income tax due on that distribution, there is no evidence in the record, nor do petitioners contend that they ever agreed to an assessment of the deficiency attributable to that income item. The notice of deficiency included a form that petitioners could have signed by which they agreed to an immediate assessment of the deficiency, in which event, it would have precluded their right to contest the deficiency in this Court and would have allowed respondent to proceed with assessment and collection of the tax due on the IRA distribution. Petitioners did not sign this waiver and instead filed their petition in this Court in which their sole contention is that the various payments to the Internal Revenue Service included the tax liability associated with the IRA.

At trial, respondent offered into evidence the official transcripts of petitioners' accounts for the years 2000 and 2001. All of the entries in these accounts were reviewed at trial, and petitioners presented no evidence reflecting any errors in these entries, nor proof of any additional payments not shown on the transcripts. These transcripts show that petitioners fully paid their tax liabilities for the 2 years in question as reported on their income tax returns for those years. The transcript for the year 2000, however, does not reflect any assessment for the tax due on the IRA distribution reflected on the Form 1099-R, nor is there any evidence that petitioners ever consented to an

assessment or that respondent ever made an assessment relative to this distribution. The payments and credits on the transcripts reflect payment of the tax liabilities reported on the returns including interest and penalties, and the transcripts reflect no amounts in excess of the tax liabilities for the 2 years as reported on petitioners' income tax returns. Respondent's position is that the tax due on the IRA distribution was not assessed, and, since petitioners instituted this action, respondent is precluded from making an assessment.

The Court agrees with respondent that the transcripts of petitioners' accounts for 2000 and 2001 do not reflect an assessment of the deficiency attributable to the IRA distribution to petitioners.

Generally, no assessment or collection of a deficiency in tax can be made against a taxpayer until there is mailed to the taxpayer a notice of deficiency under section 6212(a). Once a notice of deficiency is issued, and the taxpayer files a timely petition with this Court, the restrictions on assessment and collection generally continue until such time as the decision of this Court becomes final. Any premature assessment or collection of a deficiency may be enjoined by a proceeding in a proper court, including the Tax Court. Sec. 6213(a).

The restrictions on assessment and collection do not apply in certain situations set out in section 6213(b), (c), (d), and

(e).  In such situations, the deficiency may be assessed and collected against the taxpayer upon notice and demand.  Section 6213(d) provides:

> (d) Waiver of restrictions.--The taxpayer shall at any time (whether or not a notice of deficiency has been issued) have the right, by a signed notice in writing filed with the Secretary, to waive the restrictions provided in subsection (a) on the assessment and collection of the whole or any part of the deficiency.

Section 301.6213-1(d), Proced. & Admin. Regs., provides that, after a waiver has been acted upon by the District Director, and the assessment has been made in accordance with its terms, the waiver cannot be withdrawn, and collection can be undertaken against the taxpayer.

In this case, respondent never made an assessment against petitioners for the tax deficiency attributable to the IRA distribution, and, indeed, respondent was prohibited from making an assessment in the absence of a waiver or consent by petitioners.  Petitioners never consented to an assessment.  If agents of the Internal Revenue Service represented to petitioners that their tax payments included the deficiency arising from the IRA distribution, such representation was in error.  It has long been held that respondent is not estopped and cannot be bound by erroneous acts or omissions by agents of the Internal Revenue

Service.   Estate of Emerson v. Commissioner, 67 T.C. 612, 617-618 (1977).

The Court is satisfied from the record that petitioners' payments to the Internal Revenue Service did not include payment of the tax attributable to the IRA distribution.  Accordingly, respondent is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.