T.C. Summary Opinion 2006-71

UNITED STATES TAX COURT

RICHARD L. AND STEPHANIE S. BARBEE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9408-04S.          Filed April 27, 2006.

Richard L. and Stephanie S. Barbee, pro se.

<u>Elke B. Esbjornson</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to section 7463 in effect at the time the petition was
filed.[1]  The decision to be entered is not reviewable by any
other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $1,382 in petitioners'
2000 Federal income tax.  The sole issue for decision is whether

_____

[1]Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year at issue.

petitioners are liable for the 10-percent additional tax under section 72(t) for an early distribution from a qualified retirement plan.

Some of the facts were stipulated. Those facts and the accompanying exhibits are so found and are incorporated herein by reference. Petitioners' legal residence at the time the petition was filed was McKinney, Texas.

Stephanie S. Barbee (petitioner) was employed for 7 years by the Texas Workforce Commission, formerly the Texas Employment Commission, as an employment interviewer. Her agency dealt with unemployment insurance benefits. Petitioner, as a State employee, was a participant in the Employees Retirement System of Texas.

During 1999, petitioner resigned from her employment. At the time she left her employment, she was not eligible to draw retirement benefits from the plan. She was, however, entitled to make withdrawals from the plan. Petitioner husband Richard L. Barbee, during the year at issue, was a full-time student at the University of North Texas at Denton, Texas. In order to defray Mr. Barbee's educational expenses, petitioner withdrew $13,817.18 during 2000 from the Employees Retirement System of Texas, and used those moneys exclusively for payment of Mr. Barbee's higher education expenses. On their Federal income tax return for 2000, pursuant to a Form 1099-R, Distributions From Pensions,

Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance

Contracts, etc., issued by the Employees Retirement System of

Texas, petitioners reported the $13,817.18 as income.  In the

notice of deficiency, respondent determined that petitioners are

liable for the section 72(t) additional tax.  In the explanation

of adjustments accompanying the notice of deficiency, the

determination is explained as follows:

A.  Tax on Premature Distribution

It is determined that you received a distribution from a
retirement plan in the amount of $13,817.00, before age 59-
1/2, which is subject to a 10% early withdrawal tax.  The
distribution does not meet an exception to the early
withdrawal tax.  Although you used the funds for higher
education expenses, the distribution was not made from an
individual retirement account.  Accordingly, your tax is
increased $1,382.00.

Petitioners contend that, because the withdrawn amounts were

used exclusively for higher education expenses, they are not

subject to the section 72(t) additional tax.  Respondent agrees

that the withdrawn proceeds were used exclusively for higher

education expenses within the intent and meaning of section

72(t)(2)(E); however, respondent argues that the Employees

Retirement System of Texas is not in the category of qualified

plans to which the provisions of section 72(t)(2)(E) are

applicable.  Petitioners argue that they consulted various

employees of the Internal Revenue Service and were advised that

the section 72(t) additional tax was not applicable in their case.  Respondent, while agreeing that the proceeds withdrawn from the Employees Retirement System of Texas were used exclusively for higher education expenses under section 72(t)(7), contends that the distribution petitioners received was not a withdrawal from a qualified plan to which the section 72(t)(2)(E) exception is applicable.

Section 72(t)(1) imposes an additional tax on distributions from a "qualified retirement plan" equal to 10-percent of the portion of such amount that is includable in gross income unless the distribution comes within one of several statutory exceptions.  For purposes of the 10-percent additional tax, a qualified retirement plan includes both a section 401(k) plan and an individual retirement account or individual retirement annuity.  See secs. 72(t)(1), 401(a), (k)(1), 4974(c)(1), (4), and (5).  The 10-percent additional tax imposed on early distributions from qualified retirement plans does not apply to distributions from an individual retirement plan used for higher education expenses of the taxpayer for the taxable year.  Sec. 72(t)(2)(E).  The term "individual retirement plan" is defined as an individual retirement account or individual retirement annuity (commonly referred to as IRAs).  Sec. 7701(a)(37).  Retirement plans qualified under section 401(a) and (k), however, are not

included in the definition of "individual retirement plan" under section 7701(a)(37).

Clearly, Congress intended the exception of section 72(t)(2)(E) to apply only to distributions from "individual retirement plans"; i.e., IRAs, and not to all qualified retirement plans. See secs. 4974(c)(4) and (5) and 7701(a)(37); Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 203(a), 111 Stat. 809. This is evident in the report of the Committee on the Budget, which provides:

> Penalty free IRA withdrawals for education expenses--The bill provides that individuals may make penalty-free withdrawals from their IRAs to pay for the undergraduate and graduate higher education expenses of themselves, their spouses, their children and grandchildren or the children or grandchildren of their spouses. [Emphasis added.]

H. Rept. 105-148, at 288-289 (1997), 1997-4 C.B. (Vol. 1) 319, 610-611. The report of the Committee on the Budget specifically provides that only withdrawals from IRAs that are used for higher education expenses will qualify as withdrawals excepted from the 10-percent additional tax. Id. No other types of qualified plans are provided this exemption from the section 72(t) additional tax.

A copy of the plan of the Employees Retirement System of Texas was offered into evidence. The explanatory information about the system states expressly: "Your retirement program is a defined benefit plan. It is qualified under Section 401(a) of

the Internal Revenue Code." Petitioner, therefore, was not the beneficiary of an individual retirement plan under section 7701(a)(37), which defines an individual retirement plan as an individual retirement account under section 408(a) or an individual retirement annuity under section 408(b). In short, petitioners' claim that the withdrawal at issue is excluded from the 10-percent additional tax is incorrect. The section 72(t)(2)(E) exclusion from the additional tax does not apply to section 401(a) withdrawals.

Petitioners argue that they were led to believe by employees and agents of the Internal Revenue Service that the withdrawals in question were not subject to the 10-percent additional tax because the proceeds were used for higher educational benefits. Such advice or information was erroneous as relates to the facts of this case. The law is well settled that the Commissioner is not estopped or bound by erroneous representations of agents or employees. Estate of Emerson v. Commissioner, 67 T.C. 612, 617-618 (1977); Auto. Club of Michigan v. Commissioner, 353 U.S. 180 (1957). Petitioners also argue that they had other individual retirement accounts from which they could have made withdrawals to use for Mr. Barbee's higher educational expenses. Petitioners cite no authority to support that argument, nor does this Court have authority to attribute the withdrawal in that manner. The short answer to that argument is that petitioners are bound by

the course of action they chose.  Since they did not choose to make their withdrawals from their other IRAs, the Court can only decide the tax consequences of the course of action petitioners chose.  The Court, therefore, sustains respondent.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent.</u>